PER CURIAM.
At the time this action was instituted Sidney L. Syna, plaintiff-appellant, possessed a valid credit card account with Shell Oil Company, the defendant-appellee. Prior to the inception of this action, Syna received a statement dated July 3, 1969, reciting that the total amount due on his account was $33.21. The statement of account bore directions to see an accompanying statement for important information. That accompanying statement began with the salutation: “Dear Shell Credit Car Holder: The following disclosures in connection with your Shell account are made pursuant to the Federal Truth-in-Lending Act.” It went on to announce that a late payment finance charge of 1)4% per month or 18% per year (except for 1% per month or 12% per year in Hawaii) would be made on past due accounts (unpaid for 55 days from the original billing date). Appellant received other statements dated August 4, September 3, and October 3, 1969. The minimum amount due according to the October 3rd statement ($165.71) included $1.28 and $1.76 finance charges on past due amounts.
On October 15, 1969, appellant filed his complaint, alleging he was bringing a class action against appellee. He described the class he claimed to represent as “that class of individuals and firms that are credit card holders of the Defendant, SHELL OIL COMPANY” which class “is constituted by a great multitude of numerous individuals and firms” to “all or many” of whom the matters alleged in the complaint “are of common interest”.
*459 The substance of appellant’s complaint is that the U/2% per month finance imposed hy appellee without the oral or written permission of appellant and “all or many members of [plaintiff’s] class” is illegal since the highest allowable interest rate is 6% per year. See § 687.01, Fla.Stat. Appellant prayed: (a) for an accounting “to determine the extent and amount of the Defendant’s financial books and records so as to determine the extent and amount of interest improperly billed to or collected from the members of the class by the Defendant” ; (b) that “the Court permanently enjoin the Defendant from charging, billing or collecting interest at the rate of \]/z% per month on the unpaid balance from its credit card holders in the absence of an agreement in writing between the Defendant and its credit card holders for such rate of interest or any rate of interest above the legal rate of interest”; and for an award of money damages to appellant “and his class” of the difference between the excessive interest charges levied and the legal interest rate. Appellant admitted owing appellee $162.67 and paid that sum into the registry of the court.
On November 4, 1969, appellee’s counsel wrote appellant to inform him that his account with appellee was cancelled and that the delinquent charges of $3.04 were eliminated because “their removal is simply more expedient and economical than incurring legal expense to disprove your contention that they are improper * * The letter also requested payment of $162.-67, the amount remaining after deletion of the disputed delinquent charge.
The same day the letter was written, appellee filed its answer. Appellee denied the existence of any class, denied appellant’s right to represent any class, and denied the material allegations regarding improper interest rates. It affirmatively alleged that since appellant’s account had been cancelled and the delinquent charge appellant complained of had been deleted as of November 4, 1969, there existed no present controversy between “the Plaintiff and the Defendant.” Appellee counterclaimed for $162.67, the amount appellant admitted he owed. Appellant’s answer to the counterclaim admitted its allegations.
Thereafter appellee moved for judgment on the pleadings. The circuit court granted the motion and entered final judgment of $162.67 for appellee. The judgment stated that appellant admitted he was indebted to appellee in the sum of $162.67 and that appellee validly removed' the late charges and validly cancelled his credit card account. The court concluded that no “litigatable controversy between the Plaintiff on his own behalf and the Defendant and, accordingly, the Plaintiff cannot properly proceed to represent the alleged class consisting of the other credit card holders doing business with the Defendant” and entered a judgment of dismissal with prejudice in favor of the ap-pellee and against the appellant, “individually and as a member of the alleged class of credit card holders of the said Defendant * *
It is our opinion that the trial court made a correct disposition of the cause and that the judgment appealed should be affirmed. Sheppard v. Williams, Fla.App.1966, 193 So.2d 191.
Affirmed.