MILLS, Judge.
United Companies Life Insurance Company and Goode appeal from an order dismissing their third amended complaint against State Farm and Fire Casualty Company for failure to state a cause of action. They contend the trial court erred. We affirm in part and reverse in part.
Goode borrowed funds from United Companies Financial Corporation. As security for the loan, Financial Corporation received *646 a second mortgage on Goode’s home and a chattel mortgage on the furnishings inside her home. However, due to an alleged scrivenor’s error, Financial Corporation was not named in the chattel mortgage. In 1979, both mortgages were allegedly orally assigned to United Companies Life Insurance Company.
Pursuant to the terms of the loan transaction, Goode purchased a fire insurance policy from State Farm which covered the real and personal property. The property, both real and personal, was destroyed by fire on 21 April 1981. Following this, in May of 1982 United Companies obtained a written assignment of the mortgages.
Goode defaulted on the loan agreement and United Companies made a claim against State Farm under the mortgagee provision of Goode’s policy. State Farm paid United Companies on the coverage for real property but refused to pay for any personal property loss because it was not named as a loss payee under this policy coverage. As a result, United Companies commenced the present action. It joined Goode as a plaintiff in its third amended complaint based on Goode’s written assignment of her interest in the policy to United Companies.
The trial court was correct in ruling that United Companies did not state a cause of action as a chattel mortgagee because it was not named in the policy as a chattel mortgagee. However, a cause of action was stated in that count alleging the assignment by Goode of her interest in the policy to United Companies.
United Companies acquired through Goode’s assignment a “chose in action.” Choses in action arising out of contract are assignable and may be sued upon and recovered by the assignee in his own name and right. A claim on an insurance policy is a chose in action as is assignable as such. Selfridge v. Allstate Insurance Co., 219 So.2d 127 (Fla. 4th DCA 1969).
We affirm in part and reverse in part and remand for further proceedings.
SMITH and THOMPSON, JJ., concur.