683 So.2d 641 (1996)
BAPTIST HOSPITAL OF MIAMI, INC., Petitioner,
v.
Michael DEMARIO, Respondent.
No. 96-1563.
District Court of Appeal of Florida, Third District.
December 4, 1996.
*642 Isicoff & Ragatz, P.A. and Eric D. Isicoff, Miami, for petitioner.
Lyons & Farrar, P.A. and Marsha L. Lyons, Coral Gables, for respondent.
Before GERSTEN, GREEN and FLETCHER, JJ.
PER CURIAM.
Petitioner, Baptist Hospital seeks certiorari review of an order denying its motion for protective order. We grant certiorari and quash the discovery order under review.
This represents the third time that these parties have appeared before this court in this matter. The facts of this case have been sufficiently outlined in this court's first opinion in Baptist Hospital of Miami, Inc. v. Demario, 661 So.2d 319 (Fla. 3d DCA 1995) and will not be rehashed here. Suffice it to say, in that opinion, we affirmed a default judgment entered in respondent Michael DeMario's favor and against petitioner Baptist Hospital on the issue of liability. Notwithstanding the fact that Baptist's liability to DeMario was thus established, DeMario subsequently sought to continue to serve as a class representative for unnamed "others" who had not similarly had liability established in their favor in this action.
Baptist moved for the entry of summary judgment as to the class action brought by DeMario in his representative capacity and to stay discovery. Initially, the lower court stayed all discovery pending its disposition of the summary judgment motion. At the hearing on the motion for summary judgment, however, the court declined to entertain the question of DeMario's standing to serve as a class representative until the hearing on the motion to certify the class. The trial court subsequently lifted its stay of the discovery in this case. In response, Baptist filed a petition for writ of certiorari with this court seeking to have us: 1) quash the lower court's order lifting the stay of discovery; 2) direct the lower court to determine DeMario's standing to serve as a class representative; and 3) direct the lower court to continue the stay of discovery pending its resolution of the standing issue. In an order dated April 16, 1996, this court determined, among other things, that Baptist had filed no motion for protective order in response to the discovery sought by DeMario. Accordingly, as to the order lifting the stay, we dismissed the petition for certiorari without prejudice to Baptist to seek any appropriate review on any order entered on a motion seeking discovery protection pursuant to Florida Rules of Civil Procedure 1.280(c). See Baptist Hospital, Inc. v. Demario, 682 So.2d 1106 (Fla. 3d DCA 1996).
Following our April 16, 1996 order, Baptist filed its motion for protective order in response *643 to DeMario's discovery of the hospital's records of other Baptist patients over a five year period. It was Baptist's position that DeMario was seeking this discovery to locate an appropriate class representative to continue to prosecute this matter as a class action since DeMario no longer had standing to do so. The lower court entered an order denying Baptist's motion for protective order and permitting DeMario to proceed with class action discovery without a prior determination of his standing. By petition of certiorari, Baptist now seeks to have this order quashed.
Since DeMario, unlike any other member of the putative class, has had liability determined in his favor, we find that the trial court departed from the essential requirements of the law when it compelled full class action discovery without an initial determination of DeMario's standing to continue to serve as the class representative in this cause. Gutierrez v. E & J Gallo Winery, No. C-75-0001 SW, 1975 WL 982 (N.D.Cal. Nov.25, 1975) at *1 (staying discovery in class action pending resolution of plaintiff's standing to sue); see also Carnivale Bag Co., Inc. v. Slide-Rite Mfg. Corp., No. 74 Civ. 5574, 1975 WL 958 (S.D.N.Y. Oct.7, 1975) (certifying interlocutory appeal on issue of class action plaintiff's standing to bring suit, based on possibility of avoiding burdensome class action discovery and litigation if in fact plaintiff has no standing). If DeMario were determined to have no standing, he obviously would have no right to continue to pursue discovery on behalf of a putative class whose rights, unlike his own, remain to be litigated.[1] Nor may DeMario's counsel utilize discovery as a device to solicit another class representative or potential class members for legal representation in this cause. Deltona Corp. v. Estate of Bobinger, 582 So.2d 736, 737-38 (Fla. 3d DCA 1991).
We therefore grant certiorari, quash the order under review with directions that the trial court stay the discovery in this cause pending its determination of DeMario's standing to serve as the class representative in this cause.
Certiorari granted.
NOTES
[1] We observe that at the time the order under review was entered, there were no other members of the class. Furthermore, because of the default this is obviously not a case where a defendant has sought to use a settlement to eliminate an otherwise qualified class representative.