685 So.2d 1004 (1997)
Adam TARAN, Eric Michalowsky, on their own behalf and on behalf of all class members similarly situated, Appellants,
v.
BLUE CROSS BLUE SHIELD OF FLORIDA, INC., a Florida corporation, Principal Mutual Life Ins. Co., an Iowa corporation, Appellees.
No. 96-1099.
District Court of Appeal of Florida, Third District.
January 8, 1997.
*1005 Kozyak Tropin & Throckmorton and David P. Milian, Miami; Roger S. Kobert, Coral Gables, for appellants.
Bunnell, Woulfe, Kirschbaum, Keller & McIntyre and Nancy W. Gregoire and W. Edward McIntyre, Ft. Lauderdale; Jones Foster Johnston & Stubbs and Scott G. Hawkins, West Palm Beach, for appellees.
Before COPE, GERSTEN and SHEVIN, JJ.
COPE, Judge.
Adam Taran and Eric Michalowsky appeal a summary final judgment entered against them on their complaint against appellees Principal Mutual Life Insurance Co. and Blue Cross Blue Shield of Florida, Inc. We affirm.
Plaintiffs Taran and Michalowsky filed class action complaints against defendants Principal and Blue Cross, alleging that the insurance companies had charged excessive health insurance premiums to their Florida insureds in violation of sections 627.641, 627.6415, 627.6575, and 627.6578, Florida Statutes (1995) ("Newborn Statutes"), which regulate the health insurance coverage and rates for newborn children, adopted children, and foster children.[1] Plaintiff Taran's health insurance was provided by Principal and plaintiff Michalowsky's health insurance was provided by Blue Cross.
Defendants Principal and Blue Cross moved for summary judgment. The insurers filed affidavits showing that the insurance charges for plaintiffs Taran and Michalowsky were correct under the Newborn Statutes. The insurers requested summary judgment on plaintiffs' individual claims, and summary judgment establishing that plaintiffs did not have standing to pursue a class action on behalf of other insureds, since these plaintiffs had not suffered any cognizable injury.
Plaintiffs did not offer any affidavits or other evidence to contradict the insurers' position that plaintiffs had not been overcharged. Instead plaintiffs argued that, as a matter of law, the trial court was required to *1006 consider first the question of whether to certify a class. According to the plaintiffs, only after deciding whether a class should be certified could the trial court consider the question of the plaintiffs' individual standing. The trial court disagreed, reasoning that the plaintiffs must have standing in order to be able to proceed with the class action. The court entered summary judgment in favor of defendants, and plaintiffs have appealed.
We affirm the summary judgment on authority of Baptist Hospital of Miami, Inc. v. DeMario, 683 So.2d 641 (Fla. 3d DCA 1996). In that case, the trial court proceeded to consideration of class certification without resolving a substantial challenge that had been raised with respect to the class plaintiff's standing. In quashing the trial court order, this court observed that if the class plaintiff "were determined to have no standing, he obviously would have no right to continue to pursue discovery on behalf of a putative class whose rights, unlike his own, remain to be litigated." Id.; see also 1 Herbert Newberg & Alba Conte, Newberg on Class Actions [hereinafter Newberg on Class Actions] § 2.05 (1992), and cases cited therein. "[I]f none of the named plaintiffs purporting to represent a class establishes a requisite of a case or controversy with the defendant, none may seek relief on behalf of himself or any other member of the class." O'Shea v. Littleton, 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674, 682 (1974) (footnote and citations omitted).
As stated in Newberg on Class Actions:
Care must be taken, when dealing with apparently standing-related concepts in a class action context, to analyze individual standing requirements separately and apart from [Federal] Rule [of Civil Procedure] 23 class prerequisites. Though the concepts appear related, in that they both seek to measure whether the proper party is before the court to tender the issues for litigation, they are in fact independent criteria.... Because individual standing requirements constitute a threshold inquiry, the proper procedure when the class plaintiff lacks individual standing is to dismiss the complaint, not to deny the class for inadequate representation. The class issues are not reached in this instance.[2]
1 Newberg on Class Actions § 2.09, at 2-57 (footnotes omitted; emphasis added). Summary judgment was permissible in these circumstances.
Plaintiffs contend that the trial court erred by precluding class discovery until it was determined whether plaintiffs had standing. The trial court prohibited class discovery but allowed discovery on the plaintiffs' individual claims and on plaintiffs' standing. There was no abuse of discretion in this ruling. See Baptist Hospital of Miami v. DeMario, 683 So.2d 641.
Plaintiffs argue, however, that precluding class discovery pending determination of plaintiffs' standing runs counter to Frankel v. City of Miami Beach, 340 So.2d 463 (Fla. 1977). We disagree. The Frankel court outlined the general procedures applicable to "the average class action...." Id. at 469. The "average class action" is one in which the plaintiff has stated a cause of action, but the question is whether the action is properly maintainable as a class action. See id. The present case is the exceptional scenario where the plaintiffs who filed the class action complaint were shown at the outset to have suffered no injury and to have no cause of action against the defendants.
Plaintiff Michalowsky also claims error because summary judgment was entered without allowing plaintiff's wife, Joy Seigel, to be added as an additional class plaintiff. Ms. Seigel was insured under a different insurance policy, which was a group health policy issued by Blue Cross. Plaintiffs filed a motion for leave to amend to add Ms. Seigel six weeks before the summary judgment proceeding, but never called up the motion for hearing. The trial court exercised its discretion to proceed with the summary judgment hearing, but noted that since Ms. Seigel was covered by a separate insurance policy, she remained free to file her own lawsuit if she had a viable basis to do so.
*1007 This ruling was within the discretion of the trial court.
Plaintiffs complain that defendants engaged in wrongful conduct by issuing refunds to some of their insureds after the class suit was filed. It appears that the filing of the class action complaint caused the insurers to review their internal procedures to be sure that their billing complied with the Newborn Statutes. The insurers discovered that in certain cases there had been billing errors. They issued refunds to the affected customers, one of whom was plaintiff Michalowsky's wife, Joy Seigel. Plaintiffs argue that it was impermissible for the insurers to issue refunds without negotiating a settlement with plaintiffs' counsel on a class basis. We disagree.
In the absence of an order prohibiting it, a class action defendant is allowed to deal with members of the potential class (in this case, its customers) in the ordinary course of business. See 1 Newberg on Class Actions § 15.14. See generally Gulf Oil Co. v. Bernard, 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981). Where a defendant, prior to class certification, recognizes billing errors and desires to correct them, it may do so. The insurers did not seek releases or otherwise interfere with the potential class action, but instead repaid those insureds who had been overcharged. We see no impropriety.
Affirmed.
NOTES
[1] A third plaintiff in the lawsuit made class action claims against a third health insurance company. Those parties and claims are not at issue on this appeal.
[2] Florida's class action rule is patterned after Federal Rule of Civil Procedure 23. See Fla. R. Civ. P. 1.220 Committee Note.