699 So.2d 859 (1997)
W.S. BADCOCK CORPORATION, Appellant,
v.
Edna Mae WEBB and Evelyn Aretha Keene, Appellees.
No. 97-122.
District Court of Appeal of Florida, Fifth District.
October 3, 1997.
Marvin E. Barkin, John E. Johnson and Lansing C. Scriven of Trenam, Kemker, *860 Scharf, Barkin, Frye, O'Neill & Mullis, P.A., Tampa, and James L. Simon and Steven L. Brannock of Holland & Knight LLP, Tampa, for Appellant.
Jerry R. Linscott, I. William Spivey, II, and Mary E. Fitzgibbons of Baker & Hostetler LLP, Orlando, and J. Larry Hanks of J. Larry Hanks, P.A., Orlando, for Appellees.
PETERSON, Judge.
W.S. Badcock Corp., ("Badcock") appeals a non-final order certifying a class pursuant to Rule 1.220, Florida Rules of Civil Procedure[1]. We agree with Badcock that the order certifying the class action should be reversed because the named plaintiffs lack standing.
Badcock, a furniture wholesale company, prepared and executed form contracts with numerous independent dealers to sell furniture. The appellees, Edna Mae Webb and Evelyn Aretha Keene are former independent dealers. Webb and Keene alleged that independent dealers were required to pay Badcock approximately $15 million for "factory labor charges" on all new household appliances and electronics in order to obtain a full manufacturers' warranty. Badcock would deduct the charges from each dealer's monthly royalty check. They further alleged that the standard contract between the dealers and Badcock, drafted by the latter, did not authorize such a deduction.
Based on the above allegations, Webb and Keene brought this class action alleging breach of contract by Badcock against all persons who served as dealers between 1975 and November, 1995. After an evidentiary hearing on their motion to certify as a class all present and former dealers, the court ruled that Webb and Keene, as former dealers, could not adequately represent the interests of current dealers. The trial court did, however, find, as to the group of former dealers, that Webb and Keene satisfied the prerequisites for class certification. See Fla. R. Civ. P. 1.220(a). It is from this order that Badcock brings the instant appeal.
As part of the sale of their businesses, Webb and Keene executed with the buyers an agreement drafted by defendant Badcock. That agreement stated in part:
BILL OF SALE
... the Seller, ... has granted, bargained, sold, transferred and delivered unto the said Buyer, his heirs and assigns, the following goods and chattels, to-wit:
All of that certain furniture and appliance business known as Badcock Home Furnishing Center of Hudson, Florida, together with and including all office furnishings and general equipment of said business as set out on the attached schedule of Tangible Personal Property, which is hereby incorporated by reference as a part hereof, all leasehold interest in the premises presently occupied by said business and any and all goodwill of said business as a going concern. Also included in this sale, as evidenced hereby, is all of Seller's interests as they may appear in that certain dealer contract entered into between Seller and the W.S. Badcock Corporation on July 3, 1986. This sale does not include inventories of merchandise or stock-in-trade, if any or accounts receivable, all of which are now and have always been the property of the W.S. Badcock Corporation.
(Emphasis added). At the hearing to certify, Badcock argued that the plaintiffs, by assigning "all of seller's interests ..." in the contract, assigned away their right to file a cause of action for prior breach of contract. The trial court did not agree. Instead, the trial court found that the clause, "all of seller's interests ..." was simply a part of the definition of what constitutes goods and chattels and that since the right to sue the defendant (a chose in action) is not a good or chattel, the right to sue was not covered by the bill of sale agreement.
We begin our analysis of proper class certification with the issue of standing. No class action may proceed unless there is a named plaintiff with standing to represent the class. Griffin v. Dugger, 823 F.2d 1476, 1482 (11th Cir.1987) (only after the court determines that the named plaintiffs have *861 standing should it address the question of whether the named plaintiffs have representative capacity, as defined by Federal Rule of Civil Procedure 23(a), to assert the rights of others), cert. denied, 486 U.S. 1005, 108 S.Ct. 1729, 100 L.Ed.2d 193 (U.S.Fla.1988); see also Baptist Hosp. of Miami, Inc. v. Demario, 683 So.2d 641, 643 (Fla. 3d DCA 1996) (court determined inter alia that if the putative class representative has no standing, he has no right to pursue the case as a class action). The trial court's decision that the former dealers, Webb and Keene, have standing to bring these claims is reviewed de novo. Andrews v. American Tel. & Tel. Co., 95 F.3d 1014, 1022 (11th Cir.), reh. denied, 104 F.3d 373 (11th Cir.1996).
The question here is whether Webb and Keene, as class representatives, still possess the right to sue for alleged breaches of the Badcock dealer agreement or whether they transferred this right of action to the buyer when they sold all of their interests in their Badcock business. Generally, contract rights can be assigned unless they involve obligations of a personal nature, or there is some public policy against the assignment, or an assignment is specifically prohibited by the contract. Kitsos v. Stanford, 291 So.2d 632 (Fla.App.), cert. denied, 307 So.2d 447 (Fla.1974); New Holland, Inc. v. Trunk, 579 So.2d 215 (Fla. 5th DCA 1991); L.V. McClendon Kennels, Inc. v. Investment Corp. of South Florida, 490 So.2d 1374 (Fla. 3d DCA 1986); Brunswick Corp. v. Creel, 471 So.2d 617 (Fla. 5th DCA 1985). Contract rights that can be assigned include choses in action arising out of the parties' contract. Liberty Mut. Ins. Co. v. Davis, 412 F.2d 475 (5th Cir.1969) (choses in action arising out of contract are assignable); Spears v. West Coast Builders' Supply Co., 101 Fla. 980, 133 So. 97 (1931) (choses in action arising out of contract are assignable and may be sued upon and recovered by the assignee in his own name and right); United Companies Life Ins. Co. v. State Farm and Fire Cas. Co., 477 So.2d 645 (Fla. 1st DCA 1985). In fact, assignability of a cause of action is the rule rather than the exception. Liberty Mutual Ins. Co.; Ginsberg v. Lennar Florida Holdings, Inc., 645 So.2d 490 (Fla. 3d DCA 1994), rev. denied, 659 So.2d 272 (Fla.1995) (party may assign almost any cause of action, with exception of personal injury claims); Aaron v. Allstate Ins. Co., 559 So.2d 275 (Fla. 4th DCA), rev. denied, 569 So.2d 1278 (Fla.1990); Selfridge v. Allstate Ins. Co., 219 So.2d 127 (Fla. 4th DCA 1969).
We conclude that, by assigning "all of Seller's interests as they may appear in that certain dealer contract entered into between Seller and the W.S. Badcock Corporation...", Webb and Keene have assigned away their right to file a cause of action for breach of contract. See Escandar v. Southern Management and Invest. Corp., 534 So.2d 1203 (Fla. 3d DCA 1988) (by virtue of defendant's assignment of "all of Assignor's right, title and interest" in the management agreement, defendant could pursue any cause of action for breach of that contract, including breach of the contract that occurred prior to the date he received the assignment of the contract). In so doing, they have terminated their standing to pursue this matter. Accordingly, the trial court's order certifying the class action of former Badcock dealers is vacated and the matter remanded with directions to dismiss Webb and Keene's breach of contract action.
ORDER VACATED; REMANDED.
HARRIS and THOMPSON, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to Fla. R.App. P. 9.130(c)(vii).