813 So.2d 273 (2002)
Robert GRAHAM and Priscilla Graham, etc., Appellant,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Appellee.
No. 5D01-2849.
District Court of Appeal of Florida, Fifth District.
April 12, 2002.
Brenda F. Fulmer and James T. Holloway of Alley & Ingram, P. A., and Matthew R. Danahy of Douglas L. Grose, P. A., Tampa, for Appellant.
Marcy Levine Aldrich and Nancy A. Copperthwaite of Akerman Senterfitt & Eidson, P. A., Miami; Virginia B. Townes of Akerman Senterfitt & Eidson, P. A., Orlando, for Appellee.
ORFINGER, R. B., J.
Robert and Priscilla Graham appeal a final order dismissing their amended complaint asserting class action claims against State Farm Fire and Casualty Company.[1] We affirm.
After a dispute arose between the Grahams and State Farm regarding a property loss claim, the Grahams filed suit in county court seeking to recover the disputed amount. Shortly thereafter, State Farm paid the disputed amount with interest. Two years later, the Grahams transferred the case to circuit court based on their amended complaint seeking to assert class action claims against State Farm on behalf of similarly situated State Farm insureds.
No class action may proceed unless there is a named plaintiff with standing *274 to represent the class. W.S. Badcock Corp. v. Webb, 699 So.2d 859, 860 (Fla. 5th DCA 1997). "[I]f none of the named plaintiffs purporting to represent a class establishes a requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other members of the class." Taran v. Blue Cross Blue Shield of Fla., Inc., 685 So.2d 1004, 1006 (Fla. 3d DCA 1997) (quoting O'Shea v. Littleton, 414 U.S. 488, 494, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974)). Here, the parties concede that the Grahams suffered a covered loss in 1997, and that State Farm paid the disputed amount with interest in 1998, shortly after the Grahams brought their county court action and before the complaint was amended. Morever, this is not a situation where State Farm "picked off the putative class representatives. The conceded facts show that the Grahams were paid in full two years prior to the filing of the class claims. Courts look to the time of certification of the class as the point for considering whether a defendant is attempting to "pick off" a potential class action litigant. State Farm Mut. Auto. Ins. Co. v. Kendrick, 780 So.2d 231, 232 n. 1 (Fla. 3d DCA 2001). Based on the conceded facts, there is no existing dispute between the Grahams and State Farm that would give the Grahams standing to proceed on behalf of other potential plaintiffs with similar disputes.
Accordingly, we affirm the dismissal of the Grahams class claims due to their lack of standing. The Grahams may pursue any individual claim they may have against State Farm, including their claim for attorney's fees and costs.
AFFIRMED.
GRIFFIN and SAWAYA, JJ., concur.
NOTES
[1] The amended complaint also asserted an individual claim against State Farm. That claim was not dismissed and is not part of this appeal.