833 So.2d 804 (2002)
Idalia CHINCHILLA, Appellant,
v.
STAR CASUALTY INSURANCE COMPANY, Appellee.
No. 3D01-3121.
District Court of Appeal of Florida, Third District.
November 6, 2002.
Lidsky, Vaccaro & Montes, and Leonardo Bueno, for appellant.
Aragon, Burlington, Weil, and Crockett, and Paul J. Schwiep, for appellee.
Before SCHWARTZ, C.J., and RAMIREZ, J., and NESBITT, Senior Judge.
*805 RAMIREZ, J.
Idalia Chinchilla appeals from a non-final order denying class certification in her suit against Star Casualty Insurance Company to recover unearned premiums. We affirm because Chinchilla lacks standing to represent the plaintiff class.
Chinchilla purchased automobile insurance from Star on June 10, 1995. On August 31, 1995, Star sent her a "three option" letter informing Chinchilla that she needed to pay an additional premium of $10 by September 30, 1995, in order to keep the policy in force. She could also choose to cancel her policy by October 12, 1995, and demand a refund of any unearned premium. If she did neither, her policy would be cancelled as of October 12, 1995, and any unearned premium would be refunded. Chinchilla, however, never received this "three option" letter. Star cancelled her policy on October 15, 1995.
In December 1995, Chinchilla was involved in an automobile accident. She learned that the policy had been cancelled when she made a claim for approximately $10,000 in accident-related medical expenses. Chinchilla's attorney wrote to Star on February 29, 1996, demanding that it afford coverage or return the unearned premium.
After determining that Chinchilla could reasonably have believed she had paid all premiums due, and wishing to avoid litigation, Star responded on March 8, 1996, that it agreed to reinstate the policy and provide coverage for the accident. Chinchilla, however, would not accept yes for an answer. Instead of accepting coverage, Chinchilla brought a class action suit on behalf of persons who, among other things, had their policies cancelled for non-payment of the additional premiums and who were charged a premium beyond the cancellation date stated in the "three-option" letter. Chinchilla's individual claim was for less than $100.
The trial court denied class certification finding that Chinchilla lacked standing to be the class representative because Star had reinstated her policy so that coverage existed to pay her medical bills, just as Chinchilla had demanded in her February 29, 1996 letter. The court also found that Chinchilla was an improper class representative because her claims were not typical of the purported class, the recipients of "three-option" letters whose policies were cancelled and the incorrect amount refunded. The trial court further found that Chinchilla was an inadequate representative because unique and individualized defenses were available against her which were inapplicable to the class.
Chinchilla has no standing to maintain a class action against Star because she has no claim to unearned premiums. See Ramon v. Aries Ins. Co., 769 So.2d 1053, 1055 (Fla. 3d DCA 2000) (insured had no standing to maintain an action on behalf of a class since he had sustained no damages). See also Taran v. Blue Cross Blue Shield of Florida, Inc., 685 So.2d 1004, 1006 (Fla. 3d DCA 1997) ("[I]f none of the named plaintiffs purporting to represent a class establishes a case or controversy with the defendant, none may seek relief on behalf of himself or any other member of the class."). Chinchilla's policy was reinstated retroactively so that she had full coverage for her accident. Chinchilla thus obtained the relief she sought and Star earned all the premiums Chinchilla had paid.
Chinchilla argues that Star reinstated her policy in order to "pick off" the class representative. We disagree. In Taran, the filing of the class action complaint caused the insurers to discover billing errors upon review of their internal procedures. See Taran, 685 So.2d at 1007. *806 They then issued refunds to the affected customers, including the wife of one of the named plaintiffs. Id. This Court held that where the insurer, prior to class certification, recognizes billing errors and desires to correct them, it may do so. Id. In this case, the insurer reinstated Chinchilla's policy well before class certification. In fact, it did so prior to any suit being filed.
We therefore affirm.