921 So.2d 23 (2006)
UNITED AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
DIAGNOSTICS OF SOUTH FLORIDA, INC., Appellee.
No. 3D05-396.
District Court of Appeal of Florida, Third District.
January 18, 2006.
Bilzin Sumberg Baena Price & Axelrod, and William K. Hill, and Raquel M. Fernandez, and Melissa C. Pallett-Vasquez, Miami, for appellant.
*24 Sheftall & Torres, and Brian M. Torres, Miami; Zebersky Payne, and Edward H. Zebersky, Hollywood, for appellee.
Before SUAREZ and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
PER CURIAM.
Appellant, United Automobile Insurance Company ("United Auto") appeals from an interlocutory order granting appellee's, Diagnostics of South Florida, Inc.'s ("Diagnostics"), motion for class certification.
Alan Lefort is the sole owner of Diagnostics, a medical provider that performs neurological testing at referring physicians' offices and provides the test results to the physicians. Typically, Diagnostics accepts assignments of insurance benefits from its patients for its services and is subsequently reimbursed by insurers. United Auto is an automobile insurer that provides personal injury protection ("PIP") insurance to its insureds.
On March 11, 1994, Diagnostics conducted various neurological tests on Betty Robinson. At that time, Diagnostics outsourced its billing and collection business to Billing Consultants, Inc., which was owned and operated by David Harrod. On March 26, 1994, Mr. Harrod prepared a claim form for Ms. Robinson's neurological tests in the amount of $1,250, and coded the form as claim number 100867 (the "867 claim"). Mr. Lefort authorized Mr. Harrod to sign and mail the 867 claim to United Auto, Ms. Robinson's insurer. Mr. Harrod could not remember the exact date on which he mailed the 867 claim but, based on his regular practice, stated that he most likely mailed the claim form on March 26, 1994, the same day he prepared it. However, United Auto claims that it did not receive the claim form dated March 26, 1994, and that the first time it received the 867 claim was on May 19, 1994. The May 19 form was stamped "Resubmission" and Mr. Harrod claimed to have submitted it only after submitting the original March 26 form. On June 3, 1994, United Auto issued a timely payment on the resubmitted 867 claim.
In February 1995, Diagnostics filed a class action complaint on behalf of a plaintiff class of medical providers and insureds who are allegedly owed statutory interest pursuant to section 627.736(4), Florida Statutes (1994), on PIP benefits not timely provided by United Auto. Section 627.736(4) provides, in pertinent part:
(4) BENEFITS; WHEN DUE.
. . .
(b) Personal injury protection insurance benefits paid pursuant to this section shall be overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of same.
. . .
(c) All overdue payments shall bear simple interest at the rate of 10 percent per year.
Diagnostics, as the class representative for the putative class, moved for class certification, which United Auto opposed. On November 1, 2004, the trial court entered its Order Granting Plaintiff's Motion for Class Certification and certifying the plaintiff class as:
All insureds of United Auto Ins. Co., health care providers, and all other similarly situated third-party beneficiaries and assignees of PIP benefits who received overdue PIP payments from the Defendant (i.e., PIP payments made more than thirty (30) days after receipt of a notice of loss and a demand for payment), from February 15, 1990 through June 18, 2001, but who were not paid the ten percent (10%) statutory *25 penalty interest as prescribed by law at Fla. Stat. § 627.736(4)(c).
We reverse the trial court's order granting class certification.
A trial court's order certifying a class and determining the qualifications of a plaintiff to adequately represent a class is reviewed for abuse of discretion. Neighborhood Health P'ship, Inc. v. Fischer, 913 So.2d 703, 706 (Fla. 3d DCA 2005); Colonial Penn Ins. Co. v. Magnetic Imaging Sys. I, Ltd., 694 So.2d 852, 854 (Fla. 3d DCA 1997). A trial court's decision as to whether a plaintiff has standing to bring a class action is reviewed de novo. W.S. Badcock Corp. v. Webb, 699 So.2d 859, 861 (Fla. 5th DCA 1997).
The issue of standing is a threshold inquiry which must be made at the outset of the case before addressing whether the case is properly maintainable as a class action. Taran v. Blue Cross Blue Shield of Florida, Inc., 685 So.2d 1004, 1006 (Fla. 3d DCA 1997); Baptist Hosp. of Miami v. DeMario, 683 So.2d 641, 643 (Fla. 3d DCA 1996). To satisfy the requirement of standing, the plaintiff must show that a case or controversy exists between the plaintiff and the defendant. Godwin v. State, 593 So.2d 211 (Fla. 1992); Montgomery v. Dep't of Health and Rehabilitative Servs., 468 So.2d 1014 (Fla. 1st DCA 1985). If it is demonstrated at the outset that the plaintiff who filed the class action suffered no injury and has no cause of action against the defendant, the class should not be certified. Neighborhood Health, 913 So.2d at 706.
United Auto contends that Diagnostics does not have standing to bring the class action. Specifically, United Auto asserts that it does not owe statutory interest pursuant to section 627.736(4) because United Auto timely submitted its payment to Diagnostics within thirty (30) days of receipt of the resubmitted 867 claim dated May 19, 1994. Alternatively, United Auto contends that, even assuming Diagnostics sent the 867 claim to United Auto on March 26, 1994 rather than May 19, 1994, United Auto still would not owe statutory interest to Diagnostics as the undisputed evidence shows that the applicable $2,000 deductible[1] for Ms. Robinson would not have been met as of March 26, 1994.
We agree with United Auto that Diagnostics lacks standing to bring a class action. Assuming that the 867 claim was sent to United Auto on March 26, 1994, it is undisputed that the $2,000 deductible had not been met as of that date. Accordingly, United Auto was not required to make any PIP payments to Diagnostics until after the $2,000 deductible for Ms. Robinson was met and, as a result, did not owe statutory interest to Diagnostics.
Since Diagnostics did not suffer injury and has no cause of action against United Auto, it does not have standing to pursue a class action claim or represent a class. See Neighborhood Health, 913 So.2d at 706; Taran, 685 So.2d at 1006; see also Webb, 699 So.2d at 860. When the class plaintiff lacks individual standing, the proper procedure is to deny class certification and dismiss the complaint. Neighborhood Health, 913 So.2d at 706; Taran, 685 So.2d at 1006.
*26 We conclude that Diagnostics has no claim for damages and, therefore, no standing to pursue a class action. See Neighborhood Health, 913 So.2d at 706. Accordingly, we reverse the class certification order.
NOTES
[1] It is undisputed that the applicable deductible in this case was $2,000. Furthermore, section 627.739(2), Florida Statutes (1994), provides in pertinent part:

(2) Insurers shall offer to each applicant and to each policyholder, upon the renewal of an existing policy, deductibles, in amounts of $250, $500, $1,000, and $2,000, such amount to be deducted from the benefits otherwise due each person subject to the deduction.