928 So.2d 374 (2006)
Miriam Nancy FERREIRO, individually, and on behalf of all others similarly situated, Appellant,
v.
PHILADELPHIA INDEMNITY INSURANCE COMPANY, a foreign corporation, Appellee.
No. 3D04-3205.
District Court of Appeal of Florida, Third District.
March 8, 2006.
Rehearing and Rehearing Denied March 30, 2006.
*375 Hunter, Williams & Lynch, P.A., Coral Gables, and Christopher Lynch and Steven K. Hunter, for appellant.
Conner & Winters, L.L.C. and James E. Green; Hicks & Kneale, P.A., Susan Y. Marcus, Hollywood, and Mark Hicks, Miami, for appellee.
Before WELLS, SHEPHERD, and CORTIAS, JJ.
Rehearing and Rehearing En Banc Denied March 30, 2006.
CORTIAS, Judge.
The plaintiff, Miriam Nancy Ferreiro ("Ferreiro"), appeals from a non-final order denying her motion for class certification on the ground that she lacked standing to pursue this class action. We reverse.
In January 1997, Ferreiro rented a car from a Budget Rent A Car facility in Miami, Florida. She purchased an optional Rental Supplemental Liability Insurance Excess Policy ("excess policy") from the defendant, Philadelphia Indemnity Insurance Company ("Philadelphia"). Soon after renting the car and purchasing the excess insurance, Ferreiro was involved in a car accident and was seriously injured.
On June 4, 2001, Ferreiro filed a second amended class action complaint[1] against *376 Philadelphia seeking (1) a declaratory judgment that Ferreiro and other similarly situated individuals are entitled to uninsured or underinsured motorist coverage pursuant to section 627.727(2), Florida Statute (1997),[2] and (2) damages resulting from her injuries.
The parties do not dispute that the excess policy did not offer Ferreiro uninsured or underinsured motorist coverage. The parties dispute whether Ferreiro has standing to bring a class action against Philadelphia for failing to offer such coverage.
This Court, in Ferreiro v. Philadelphia Indem. Ins. Co., 816 So.2d 140 (Fla. 3d DCA 2002), held that Philadelphia was required by section 627.727(2) to inform Ferreiro that uninsured motorist coverage was available. By mandate issued on July 19, 2002, we directed the trial court to hold Philadelphia to uninsured motorist coverage for Ferreiro.
After this Court's decision in Ferreiro and following remand, Ferreiro filed a Motion for Class Certification seeking to obtain uninsured and underinsured motorist coverage for a "class" she redefined as:
All individuals who purchased [excess policies] from Philadelphia Indemnity Insurance Company in the State of Florida prior to April 1, 2003, and all individuals or entities qualifying as either Class I or Class II insureds, pursuant to ß 627.727 Fla. Stat., under said policies.
Philadelphia objected to certification of a class action claiming that Ferreiro lacked standing. The trial court stayed discovery pending resolution on the issue of standing. Subsequently, the trial court denied Ferreiro's motion for class certification on the basis that she lacked standing. However, the trial court ordered that Ferreiro's individual claims would remain pending.
On de novo review, we disagree with the trial court and find that Ferreiro has standing to pursue a class action. See W.S. Badcock Corp. v. Webb, 699 So.2d 859, 861 (Fla. 5th DCA 1997)(holding that a trial court's decision as to whether a plaintiff has standing to bring a class action is reviewed de novo).
The issue of standing is a threshold inquiry which must be made at the outset of the case before addressing whether the case is properly maintainable as a class action. Taran v. Blue Cross Blue Shield of Fla., Inc., 685 So.2d 1004, 1006 (Fla. 3d DCA 1997); Baptist Hosp. of Miami, Inc. v. DeMario, 683 So.2d 641, 643 (Fla. 3d DCA 1996). Thus, in this appeal, we consider only whether Ferreiro has standing to seek class action certification. We do not address Ferreiro's capacity to represent the class as the trial court has not had an opportunity to consider and rule upon this issue. Griffin v. Dugger, 823 F.2d 1476, 1482 (11th Cir.1987)(holding that a court may address whether the plaintiff has representative capacity only after determining the issue of standing), cert. denied, 486 U.S. 1005, 108 S.Ct. 1729, 100 L.Ed.2d 193 (1988). For the same reasons, *377 we do not address issues regarding the scope of the purported class or the merits of the class action.
To satisfy the requirement of standing, the plaintiff must show that a case or controversy exists between the plaintiff and the defendant, and that such case or controversy continues from the commencement through the existence of the litigation. Godwin v. State, 593 So.2d 211 (Fla.1992); Montgomery v. Dep't of Health and Rehabilitative Servs., 468 So.2d 1014 (Fla. 1st DCA 1985). Absent an existing case or controversy between Ferreiro and Philadelphia, there would not be standing to pursue a class action claim or represent a class. See Webb, 699 So.2d at 860. As we have previously held:
[I]f none of the named plaintiffs purporting to represent a class establishes a requisite of a case or controversy with the defendant, none may seek relief on behalf of himself or any other member of the class.
Taran, 685 So.2d at 1006 (quoting O'Shea v. Littleton, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974)).
Philadelphia contends that Ferreiro lacks standing to bring this class action because we previously granted her declaratory relief. In support of its position, Philadelphia relies on Chinchilla v. Star Casualty Insurance Co., 833 So.2d 804 (Fla. 3d DCA 2002), Ramon v. Aries Insurance Co., 769 So.2d 1053 (Fla. 3d DCA 2000), Taran, 685 So.2d at 1006, Baptist Hospital, 683 So.2d at 643, and Syna v. Shell Oil Co., 241 So.2d 458 (Fla. 3d DCA 1970). However, none of those cases support Philadelphia's contention that Ferreiro lacks standing.
For example, in Baptist Hospital, this court did not address the issue of plaintiff's standing to bring a class action and, instead, remanded the case to the trial court for a determination on plaintiff's standing. Baptist Hospital, 683 So.2d at 643.
In Ramon, the plaintiff brought a class action against an automobile insurance company after he was involved in an accident. The plaintiff conceded that the insurer settled all of his claims and that no money was due to him, but, nevertheless, he wanted to pursue the class action "so that the insurer would `change the way they do things.'" Ramon, 769 So.2d at 1054. We concluded that the plaintiff lacked standing because he had already received full payment and, thus, did not have a pending case or controversy with the insurer. Ramon, 769 So.2d at 1055.
In this case, unlike the cases cited by Philadelphia, a final judgment has not been rendered on Ferreiro's claim for damages or on Philadelphia's liability. In fact, the trial court correctly recognized that Ferreiro's individual claims remained pending after the prior appeal. As such, we find that Ferreiro has standing because she continues to have a case or controversy with Philadelphia. See Taran, 685 So.2d at 1006; Ramon, 769 So.2d at 1055.
We note that the dissent confuses judicial review of standing with review of the criteria for certification of a class action. The differences in these inquiries has been described as follows:
Though there is no additional standing requirement for the plaintiff who seeks to represent a class, a proper class action requires a similarity of claims between the named plaintiffs and the class members. This similarity of claims is tested not by principles of standing, but by the application of the Rule 23(a)(3) criteria. If a class action is proper, then by definition the class representative's claims will be typical of the class. Thus the class plaintiff's individual standing, linked to his or her asserted claim, becomes *378 automatically linked to the class claim. Having standing which a class representative shares with the members of a class is another way of saying that the class representative is a proper party to raise a particular issue common to the class. The commonness of issues is an express requirement of Rule 23 and is an attribute of the issue involved, rather than a threshold characteristic of whether the issue meets the constitutional case or controversy test. Accordingly, a plaintiff who meets individual standing requirements possesses [standing] in the constitutional sense, and whether the plaintiff may represent the rights of others depends on the application of Rule 23 tests in the case of a class action[.]
Osgood v. Harrah's Entertainment, Inc., 202 F.R.D. 115, 120-21 (D.N.J.2001)(citing Herbert B. Newberg & Alba Conte, Newberg On Class Actions ß 2.05 (3d ed.1992)) (emphasis added).[3]
Thus, standing is a threshold determination necessary for the maintenance of all actions, including class actions. In this case, the standing requirement is satisfied because there is a pending claim for damages between the parties as well as a pending determination of Philadelphia's liability. Whether plaintiff is a proper class representative or whether there exists similarity of claims between the named plaintiff and the class members are questions addressed not by principles of standing, but, rather, by the application of the requirements for class action certification, namely (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. See Meyer v. CUNA Mut. Group, No. 03-602, 2006 WL 197122, at *14 (W.D.Pa.2006); Fallick v. Nationwide Mut. Ins. Co., 162 F.3d 410, 423 (6th Cir. 1998); Fla. R. Civ. P. 1.220.
Accordingly, we reverse the trial court's determination that Ferreiro lacks standing to bring a class action and remand for further proceedings consistent with this opinion. We express no opinion on the viability of the proposed class action.
WELLS, J., concurs.
SHEPHERD, J., dissenting.
The precise issue presented in this case is whether an individual who has obtained a court decree establishing "imputed uninsured motorist coverage" for herself under a renter's supplemental excess insurance policy and for whom the only unresolved questions between her and her insurer are whether her actual loss falls within the established "imputed coverage" and, if so, the amount of damages to which she is entitled, has standing vel non to prosecute a separate claim for declaratory class relief to seek to establish that "imputed coverage" for persons other than herself. Because under the applicable law of this district, standing to prosecute cause of action "x" does not automatically confer standing to prosecute cause of action "y," I conclude that at such time as Miriam Ferreiro established imputed coverage for herself in this case, her standing to proceed on behalf of the class ceased. This conclusion is also constitutionally required. Accordingly, I respectfully dissent.

The Constitutional Dimension
As the majority correctly suggests, see p. 377-78, supra, standing is a matter of constitutional dimension. In Florida, this means that "every case must involve a real controversy as to the issues presented." Dep't of Revenue v. Kuhnlein, 646 So.2d *379 717, 721 (Fla.1994). See also Godwin v. State, 593 So.2d 211, 212 (Fla.1992)(pointing out that a case "present[ing] no actual controversy or when the issues have ceased to exist" will be dismissed as "moot"). Put another way, the parties must not be requesting an advisory opinion, Interlachen Lakes Estates, Inc. v. Brooks, 341 So.2d 993, 995 (1976), except in those rare instances in which advisory opinions are authorized. E.g., Art. IV, ß 1(c), Fla. Const. (advisory opinions to the Governor).
In the context of declaratory judgment actions, see 86.011, Fla. Stat. (2005), the Florida Supreme Court has reiterated much the same rule:
Before any proceeding for declaratory relief should be entertained it should be clearly made to appear that there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interests are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity. These elements are necessary in order to maintain the status of the proceeding as being judicial in nature and therefore within the constitutional powers of the courts.
May v. Holley, 59 So.2d 636, 639 (Fla.1952)(emphasis added); see also Martinez v. Scanlan, 582 So.2d 1167, 1170 (Fla.1991)(reaffirming May); Kuhnlein, 646 So.2d at 721 (accord). Perhaps the greatest risk in the deployment of declaratory actions is that a party will seek to misuse the device to obtain an answer where it might be nice to have one, but where there is no "present, adverse and antagonistic interest in the subject matter." May, 59 So.2d at 639. In these cases, it is our sworn responsibility to police the boundaries, See, e.g., Martinez, 582 So.2d at 1170 ("[A]lthough a court may entertain a declaratory action regarding a statute's validity, there must be a bona fide need for such a declaration based on present, ascertainable facts or the court lacks jurisdiction to render declaratory relief."); Dep't of Ins. v. Dade County Consumer Advocate's Office, 492 So.2d 1032, 1043 (Fla.1986)("Courts, in performing their function of adjudicating cases and controversies within their jurisdictions, interpret and apply the law when there is a dispute or conflict regarding how it applies."); In re Connors, 332 So.2d 336, 340 (Fla.1976)(Hatchett, J., dissenting)("In my opinion, no case or controversy is ripe for decision here. . . . Without doubting the importance of the question presented, I believe the Court oversteps jurisdictional boundaries in reaching the merits."). I am of the view that such is our obligation here.
As previously indicated, the current circumstance of this case is that there is a case and current controversy between Ferreiro and her insurer with respect to whether or not her insurer owes her any compensation for the loss that she has sufferedÄîi.e., whether she suffered a loss attributable to the act of an uninsured motorist. However, there is no longer any dispute concerning whether she has coverage under the policy for such a loss if it occurred. Indeed, because the decision rendered by us in Ferreiro is one of first *380 impression that has since not been considered or ruled upon by any other District Court in this state or the Florida Supreme Court, our decision would be controlling on the question of the existence of "imputed coverage" in any trial court in this state should another Philadelphia insured raise the question. Pardo v. State, 596 So.2d 665, 666 (Fla.1992)("[T]he decisions of the district courts of appeal represent the law of Florida unless and until they are overruled by this Court. Thus, in the absence of interdistrict conflict, district court decisions bind all Florida trial courts.")(internal citations omitted). Accordingly, to hold that Ferreiro has standing to prosecute the class action in this case simply because she has not prosecuted to completion her individual claim for damages based upon coverage previously established by her is violative of the constitutional underpinnings of the case and controversy requirement in Florida law. See Kuhnlein, 646 So.2d at 720-22 (The standing requirement in Florida's courts of general jurisdiction is co-extensive with the requirement that there be a case and controversy). Carefully examined, I believe the authorities from our District which the majority finds inapposite, see p. 377-78, supra, likewise compel this conclusion.

OUR AUTHORITIES
I find our recent decision in Baptist Hosp. of Miami, Inc. v. DeMario, 661 So.2d 319 (Fla. 3d DCA 1995), instructive if not controlling of the instant case. In DeMario, Michael DeMario sought declaratory class relief, alleging that he was overcharged for copies of medical records he requested from Baptist Hospital. See ß 395.3025(1), Fla. Stat. (1995). When the hospital neglected to respond to the complaint, the trial court entered a default against it on the plaintiff's individual claim and then certified a class based solely upon the fact of the default. We reversed the class certification because the rigors of class certification had not been considered or satisfied. Id. at 320. We also sua sponte signaled the existence of a potential threshold issue concerning whether DeMario had standing to serve as the class representative. Id. at 322, n. 6 ("We likewise express no view on the question whether the existence of a default as to plaintiff's individual claim places the plaintiff in a different position than the rest of the class, such that the plaintiff's standing to serve as class plaintiff is adversely affected."). Rather than addressing that issue on remand, however, the trial court determined to delay it until the hearing on the motion to certify the class. The hospital countered by re-raising the issue to us on a petition for writ of certiorari and arguing its threshold character. Baptist Hosp. v. DeMario, 683 So.2d 641, 642 (Fla. 3d DCA 1996). We granted the writ and remanded the case to the trial court with directions to stay discovery on the class certification issue pending a determination on DeMario's standing to serve as the class representative because "DeMario, unlike any other member of the putative class, has had liability determined in his favor.. . ." Id. at 643 (emphasis added). Just as in our case, DeMario's claim had not proceeded to a final resolution. Id.; see also Fla. R. Civ. P. 1.500 (distinguishing between a default and a final judgment after default). If the fact that Mr. DeMario had not obtained a final judgment after default on his individual claim was immaterial to the remand of his case for the immediate resolution of the standing issue there, as it must have been, then whether or not Ferreiro has received a final judgment on her individual claim should likewise be immaterial to the resolution of the standing issue in our case.
*381 Although the remaining authorities dismissed by the majority are factually distinguishable from both DeMario and our case on the ground that no separate, potentially viable, individual claim existed at the time of the entry of the dismissals for lack of standing, nevertheless they illustrate the point that standing is determined by reference to the purported class action claim. For example, in Syna v. Shell Oil Co., 241 So.2d 458 (Fla. 3d DCA 1970), the plaintiff Sidney Syna filed a class action complaint to recover alleged usurious credit card interest. On the day Shell's answer was due, its counsel informed Syna by letter that it was canceling his credit card and returning the three dollars in question. In its simultaneously filed answer, the company raised as an affirmative defense that the case should be dismissed because "there [no longer] existed [a] present controversy between `the Plaintiff and the Defendant.'" The trial court agreed, and we affirmed. Syna, 241 So.2d at 459.
Likewise, in Chinchilla v. Star Cas. Ins. Co., 833 So.2d 804 (Fla. 3d DCA 2002), Star Casualty mailed Chinchilla a letter informing her that she needed to pay an additional premium by a date certain in order to maintain her personal injury protection medical benefits coverage on her motor vehicle. However, she never received the letter and her coverage was cancelled, a fact she did not discover until months later, when she was injured in a collision involving the vehicle. After determining that Chinchilla could reasonably have believed she had paid all premiums due, and wishing to avoid litigation, Star responded to her claim for benefits by reinstating her policy and providing coverage for the accident. Chinchilla then filed a class action suit on behalf of all persons who, among other things, had their policies cancelled for non-payment or who were charged a premium beyond the cancellation date stated in the letter. We affirmed the trial court's decision finding that Chinchilla lacked standing to be the class representative. Chinchilla, 833 So.2d at 805-06. "Chinchilla" we observed, "[refuses to] accept yes for an answer." Id. Ferreiro likewise seems unwilling to recognize what she has legally accomplished.
In Ramon v. Aries Insurance Company, 769 So.2d 1053 (Fla. 3d DCA 2000), Ramon sought to establish a class action on behalf of himself and all others similarly situated against Aries Insurance Company on the basis that the insurer had improperly withheld a personal injury protection deductible for medical costs incurred by him in an accident while a passenger in a vehicle owned by Irene Lopez. Months after the accident, he married Lopez' daughter and the couple moved in with Lopez. As events unfolded, Aries discovered that it had erroneously withheld the deductible on the mistaken belief that Ramon was living in the home of the named insured, Irene Lopez, at the time of the accident. See ß 627.739, Fla. Stat. (1999). Upon discovering its error, Aries paid Ramon the deductible and moved for summary judgment on the ground that Ramon no longer had standing to maintain the class action because there was no case or controversy between him and Aries. The trial court granted the motion and we affirmed. Ramon, 769 So.2d at 1055.
Finally, in Taran v. Blue Cross Blue Shield of Fla., Inc., 685 So.2d 1004 (Fla. 3d DCA 1997), Adam Taran and Eric Michalowsky brought a class action against their health insurers, alleging that they had been overcharged insurance premiums for newborn health insurance. The insurers filed affidavits demonstrating that the premiums charged were proper, which led to summary judgment in favor of the insurers based on lack of standing. We again affirmed. Taran, 685 So.2d at 1007.
*382 From this group of casesÄîall from this court and spanning more than three decadesÄîI believe the following conclusions flow. First, if a question of the standing of a class representative to represent the class exists in a case, that issue must be resolved before class certification is addressed. Second, the fact that an individual has standing to prosecute his individual claim to judgment but has not yet obtained that judgment is not dispositive of whether that individual has standing to serve as a class representative. See DeMario, supra. Third, it is a cardinal principle that standing ceases to exist where, prior to certification, an individual dispute is resolved, regardless of whether it is through unilateral action of the defendant in removing the issue from dispute, an agreement of the parties, or a determination by the trial court which (as in the instant case) may be reviewed through appellate proceedings. Applying these principles drawn from our case law, I conclude that the law of this District compels us to affirm.

CONCLUSION
The court below entered judgment against the plaintiff on the class claim presented by her on the ground that her standing to continue to represent the purported class ceased at the time we issued our Ferreiro decision which fully and finally determined that she had "imputed coverage" for any loss caused by an uninsured motorist as a matter of law by virtue of the fact that Philadelphia neglected to give her the opportunity to accept or decline such coverage at the time she purchased Philadelphia excess insurance coverage. At the same time, the trial court held that she could continue to pursue her individual claim made in a separate count of the complaint for damages alleged by her to have been caused by an uninsured motorist pursuant to her policy as legally reconstructed. For the reasons stated, I believe the trial court was correct in this decision and would therefore affirm the judgment below.
NOTES
[1] In her second amended class action complaint, Ferreiro defined the "class" of persons entitled to a declaration of uninsured or underinsured motorist coverage as:

Individuals who have purchased from Philadelphia Indemnity Insurance Company, [an excess policy] which is delivered or issued for delivery in Florida in conjunction with the rental of a vehicle which is registered or principally garaged in Florida, as well as occupants of said vehicles, and who have sustained damages in the past five years as a result of the alleged negligence of an uninsured/underinsured motorist while an occupant of said rental vehicle.
[2] Section 627.727(2) provides, in pertinent part, that:

[A]n insurer issuing [an excess policy] shall make available as a part of the application for such policy, and at the written request of an insured, limits [of uninsured motorist coverage] up to the bodily injury liability limits contained in such policy or $1 million, whichever is less.
ß 627.727(2), Fla. Stat. (1997).
[3] Federal Rule of Civil Procedure 23(a) is virtually identical to Florida Rule of Civil Procedure 1.220(a).