DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES,

Appellant,

v.

VALERIEMARIE MOORE, individually and on
behalf of all others similarly situated,

Appellee.

No. 2D2023-1966

_____

January 24, 2025

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for
Hillsborough County; Darren D. Farfante, Judge.

Richard C. McCrea, Jr., and Cayla M. Page of Greenberg Traurig, P.A.,
Tampa, for Appellant.

Douglas F. Eaton of Eaton & Wolk, PL, Miami, for Appellee.

BLACK, Judge.

The University of South Florida Board of Trustees appeals from the
nonfinal order granting ValerieMarie Moore's motion for class
certification.  We affirm.

Our review of the nonfinal order granting class certification is for
an abuse of discretion.  *See Gundel v. AV Homes, Inc.*, 290 So. 3d 1080,

1084 (Fla. 2d DCA 2020) (quoting *Waste Pro USA v. Vision Constr. ENT, Inc.*, 282 So. 3d 911, 916 (Fla. 1st DCA 2019)). The trial court's factual findings must be supported by competent substantial evidence, and we review its conclusions of law de novo. *See id.* (quoting *Waste Pro USA*, 282 So. 3d at 916). "The trial court's inquiry at the class certification stage is restricted 'to the substance of the motion and not the merits of the cause of action or questions of fact for a jury.' " *Waste Pro USA*, 282 So. 3d at 916 (quoting *Sosa v. Safeway Premium Fin. Co.*, 73 So. 3d 91, 105 (Fla. 2011)). And after conducting "a rigorous analysis to determine that the elements of [Florida Rule of Civil Procedure] 1.220, the class action rule, have been met," *Gundel*, 290 So. 3d at 1084 (alteration in original) (quoting *Rollins, Inc. v. Butland*, 951 So. 2d 860, 867-68 (Fla. 2d DCA 2006)), the court "should resolve doubts with regard to certification in favor of certification, especially in the early stages of litigation," *Sosa*, 73 So. 3d at 105.

Ms. Moore filed a breach of contract action on behalf of herself and other University of South Florida students against the Board of Trustees. Ms. Moore sought class certification based on the claim that fees had been paid for on-campus services that the University of South Florida did not provide to any student during the spring, summer, and fall 2020 academic semesters and the spring 2021 academic semester due to the closure of its campuses in response to the COVID-19 pandemic.

Following an evidentiary hearing and after consideration of the evidence and the parties' filings, the trial court issued a detailed order setting forth the necessary analysis, determining that the elements of rule 1.220 applicable in this case have been met, and defining the class as "all students enrolled at the University of South Florida who paid fees for services, facilities, resources, activities, and/or events that were not

2

provided to students during" the identified academic semesters. Ms. Moore is an appropriate class representative: her claim is typical of the defined class as a student having paid fees for on-campus services pursuant to a contract for at least one of the identified semesters. *See Ferreiro v. Phila. Indem. Ins. Co.*, 928 So. 2d 374, 378 (Fla. 3d DCA 2006). Further, class certification is appropriate so long as fees were paid and not the subject of waivers, regardless of whether the students themselves paid the fees or the fees were paid by other means on behalf of the students. *Cf. Disc. Sleep of Ocala, LLC v. City of Ocala*, 245 So. 3d 842, 849-50 (Fla. 5th DCA 2018) ("A case or controversy exists if a party alleges an actual or legal injury that the relief sought will address. . . . Appellants have alleged an economic injury, fulfilling the actual injury requirement of standing in their claim for declaratory relief and damages against the City." (citation omitted)); *Little v. Grand Canyon Univ.*, No. CV-20-00795-PHX-SMB, 2022 WL 266726, at *3 (D. Ariz. Jan. 28, 2022) ("[The] argument that Plaintiff lacks standing because his parents paid his fees and costs must be rejected. While Plaintiff's parents paid his fees and costs, he is ultimately the individual who had a contract with [the university]. In other words, if he had failed to pay, he—not his parents—would be on the hook. It does not matter how he procured the money to pay his obligations to [the university], it was ultimately his obligation."); *Salerno v. Fla. S. Coll.*, 488 F. Supp. 3d 1211, 1216-17 (M.D. Fla. 2020) ("Florida Southern College argues that the[] facts demonstrate that the only relationship from which any legal obligations may arise is between the College and [the student]. The Court agrees. Notably, [the student's mother] does not rebut this evidence or adequately explain how any action on Florida So[u]thern College's part injured her. It is also of note that the lack of injury to [the mother] is

3

clear regardless of whether [she] provided financial support to her daughter.  That arrangement was between mother and daughter.").

The court's order is supported by competent substantial evidence and the law; the court did not abuse its discretion in granting Ms. Moore's motion.

Affirmed.

MORRIS and SMITH, JJ., Concur.

_____

Opinion subject to revision prior to official publication.