518 So.2d 937 (1987)
Joseph HIMES, Appellant,
v.
BROWN & COMPANY SECURITIES CORPORATION, Appellees.
No. 85-2478.
District Court of Appeal of Florida, Third District.
December 29, 1987.
Rehearing Denied February 3, 1988.
*938 Stephen Cahen, Joseph C. Segor, Miami, for appellant.
William P. Cagney III and Kiernan Fallon, Miami, Casner, Edward & Roseman and Walter H. Mayo III and Gregg S. Blackburn, Boston, Mass., for appellees.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
PER CURIAM.
Although we are strongly inclined to agree with Joseph Himes that the advertising used by Brown & Company Securities Corporation (Brown) was false as a matter of law, we affirm the trial court's final judgment entered after a bench trial because the final judgment is supported by substantial evidence in the record.
It would serve no purpose to set out all of the facts of this case. Suffice it to say that all of Himes's claims suffer from the same major defect. The trial court could justifiably find that Himes did not suffer any actual damages proximately caused by Brown's alleged violations of Florida's False Advertising Statute, section 817.41, Florida Statutes (1985), see § 817.41(6), Fla. Stat. (1985), Florida's Deceptive and Unfair Trade Practices Act, sections 501.201-.213, Florida Statutes (1985)[1], see Urling v. Helms Exterminators, Inc., 468 So.2d 451 (Fla. 1st DCA 1985); Rollins, Inc. v. Heller, 454 So.2d 580 (Fla. 3d DCA 1984), review denied, 461 So.2d 114 (Fla. 1985); § 501.211(2), Fla. Stat. (1985), or by Brown's alleged fraudulent misrepresentation, breach of fiduciary duty, negligence, or breach of contract. See Sherban v. Richardson, 445 So.2d 1147 (Fla. 4th DCA 1984) (judgment in claimant's favor reversed because damages were not proximately caused by the fraudulent misrepresentation); Fryling v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 593 F.2d 736 (6th Cir.1979) (stock exchange investor denied recovery where his losses from "short sale" investments were not causally related to his broker's alleged fraud); Moody v. Bache & Co., 570 F.2d 523 (5th Cir.1978) (although broker's misrepresentations induced customer to open an account with broker, broker is not liable for subsequent damages suffered where damages are not proximately caused by misrepresentation).
In addition to his claims arising out of Brown's false advertising, Himes claims to have suffered damages as a result of two missed opportunities: Brown's mishandling of a short sale request and Brown's refusal to take and execute Himes' order to purchase Eastern warrants. In Florida, unless the fact-finder is presented with evidence which will enable it to determine damages for lost profits with a reasonable degree of certainty, rather than by means of speculation and conjecture, the claimant may not recover such damages. Crain Automotive Group, Inc. v. J & M Graphics, Inc., 427 So.2d 300 (Fla. 3d DCA 1983); Beverage Canners, Inc. v. Cott Corp., 372 So.2d 954 (Fla. 3d DCA 1979); Bluevack, Inc. v. Walter E. Heller & Co., 331 So.2d 359 (Fla. 3d DCA 1976); Royal Typewriter Co. v. Xerographic Supplies Corp., 719 F.2d 1092, 1105 (11th Cir.1983); Center Chemical Co. v. Avril, Inc., 392 F.2d 289 (5th Cir.1968). Since Himes did not suffer any out-of-pocket damages, the trial court properly denied him recovery because his claimed damages for lost profits are speculative. His only claim is that Brown's actions deprived him of anticipated profits because he would have sold (or purchased, in the case of the short sale) the securities at the optimal time and earned a profit. According to Himes, had Brown correctly completed his requested transactions, he would have then sold the Eastern *939 warrants at closing on the same day that he purchased them and completed the short sale nine months later, thereby earning a profit on both transactions. Himes did not present any evidence which would prove that he would have completed the time-sensitive transactions at precisely the correct time and we doubt whether he could have offered such proof. The evidence strongly supports Brown's position that Himes's only possible damages are speculative "lost profits" damages and are therefore not recoverable.[2]
Accordingly, because the trial court's final judgment is supported by substantial competent evidence, we affirm the final judgment under review.
NOTES
[1] In arriving at our decision, we in no way condone Brown's obviously false advertising. We point out that the legislature enacted criminal penalties for violation of section 817.41, Florida Statutes (1985), see § 817.45, and has also established enforcement procedures whereby the state attorney's office or the Department of Legal Affairs may seek injunctions, declaratory judgments, actual damage awards, or civil penalties against persons violating Florida's Deceptive and Unfair Trade Practices Act, sections 501.201-.213, Florida Statutes (1985). See §§ 501.207, .2075, Fla. Stat. (1985). Consequently, the legislature must have considered just such a situation as this and has decided to leave the enforcement of those statutes in the hands of state agencies in cases where the victims have not suffered actual damages.
[2] Although we have discussed only issues relating to damages, we note that since this appeal is from a final judgment, numerous other factual findings must be treated as having been decided in favor of Brown. In addition to the damage issue, all of those facts necessary to sustain the verdict are supported by the evidence and militate against reversal.