694 So.2d 88 (1997)
Lucy MACIAS, Appellant,
v.
HBC OF FLORIDA, INC., Appellee.
No. 96-2258.
District Court of Appeal of Florida, Third District.
April 23, 1997.
Rehearing Denied June 18, 1997.
*89 Anthony T. Lepore, Miami, for appellant.
Shutts & Bowen and Gary M. Bagliebter and Joey E. Schlosberg, Miami, for appellee.
Before LEVY, GERSTEN and GREEN, JJ.
GREEN, Judge.
Lucy Macias appeals a final order dismissing her amended complaint with prejudice against HBC of Florida, Inc. for its alleged violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), §§ 501.201-.213, Fla. Stat. (1995). In her three count amended complaint, Macias sought actual damages pursuant to section 501.211(2) as well as injunctive and declaratory relief under section 501.211(1). We affirm the dismissal of this action based upon our conclusion that Macias was not an aggrieved party under FDUTPA.
According to the well-pled allegations of the amended complaint which must be accepted as true for our purposes, HBC, doing business as WAMR-FM, operates a Spanish language radio station in Miami. Between September 15, 1994 and December 31, 1994, the radio station established and promoted a contest known as "Billetes o Bomba" (i.e., "Beat the Bomb"). The monetary prizes as advertised were valued up to $2 million. The gravamen of Macias' amended complaint is that she was denied an opportunity to participate in this game and compete for the prize money when HBC prematurely terminated the contest prior to awarding all of the advertised prize money. The trial court dismissed the amended complaint finding that it failed to state a cause of action in the absence of allegations that Macias had sustained any actual losses or was otherwise an aggrieved party under FDUTPA.
*90 One of the primary enunciated purposes of FDUTPA is "[t]o protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." § 501.202(2). Consistent with this purpose, the legislature has created a civil private cause of action for any consumer who has been aggrieved by any violation of the Act:
501.211 Other Individual Remedies
(1) Without regard to any other remedy or relief to which a person is entitled, anyone aggrieved by a violation of this part may bring an action to obtain a declaratory judgment that an act or practice violates this part and to enjoin a person who has violated, is violating or is otherwise likely to violate this part.
(2) In any individual action brought by a consumer who has suffered a loss as a result of a violation of this part, such consumer may recover actual damages, plus attorney's fees and court costs as provided in s. 501.2105; however, no damages, fees, or costs shall be recoverable under this section against a retailer who has, in good faith, engaged in the dissemination of claims of a manufacturer or wholesaler without actual knowledge that it violated this part. (emphasis added)
* * * * * *
The clear intent of this statute as expressed by its plain language is to provide both equitable and legal remedies to private consumers who are aggrieved parties and/or have sustained actual losses because of a violation(s) under FDUTPA. Thus, in order for the consumer to be entitled to any relief under FDUTPA, the consumer must not only plead and prove that the conduct complained of was unfair and deceptive but the consumer must also plead and prove that he or she was aggrieved by the unfair and deceptive act. See In re Crown Auto Dealerships, Inc., 187 B.R. 1009, 1018 (Bankr.M.D.Fla.1995) (holding claimants entitled to no recovery where they failed to establish that they suffered actual damages as a result of the misrepresentations about the vehicles; claimants subjective feelings of disappointment are insufficient to form a basis of actual damages); Himes v. Brown & Co. Secs. Corp., 518 So.2d 937, 938 (Fla. 3d DCA 1987) (finding no recovery under FDUTPA for misleading and false advertisement where plaintiff sustained no out-of-pocket losses); compare Klinger v. Weekly World News, Inc., 747 F.Supp. 1477, 1480 (S.D.Fla.1990) (finding plaintiff properly stated a claim for injunctive relief under FDUTPA as an aggrieved party where it was alleged that plaintiff lost publishing opportunities because of defendant's deceptive use of tradenames); see also Urling v. Helms Exterminators, Inc., 468 So.2d 451, 454 (Fla. 1st DCA 1985) (the act is intended to protect consumer from unfair or deceptive acts or practices which diminishes the value or worth of the goods or services purchased by the consumer); Rollins, Inc. v. Heller, 454 So.2d 580, 585 (Fla. 3d DCA 1984) (defining actual damages under FDUTPA), review denied, 461 So.2d 114 (Fla.1985).
Based upon Macias' allegations in the amended complaint that she was not afforded an opportunity to even enter the contest due to its premature termination by HBC, it is clear that she sustained no losses as a result of the alleged violations of FDUTPA and was not otherwise an aggrieved party. The thrust of her alleged damages was her missed opportunity to play the contest and win the prize money as advertised. As we held in Himes, such speculative losses as a result of missed opportunities are not recoverable under FDUTPA. See 518 So.2d at 939.
For these reasons, we agree with the trial court that Macias cannot state a cause of action for either legal or equitable relief under FDUTPA. We therefore affirm the dismissal of her complaint with prejudice.
Affirmed.