**Nadiezhda M. MARTINEZ, an individual, Plaintiff,**

v.

**RICK CASE CARS, INC., a Florida corporation, doing business as "Rick Case Honda" Defendant.**

No. 03—60725–CIV.

United States District Court, S.D. Florida.

Aug. 12, 2003.

Robert William Murphy, Fort Lauderdale, FL, for Nadiezhda M. Martinez.

Timothy John Grecsek, Glen Reid Goldsmith, Miami, FL, for Rick Case Cars, Inc., a Florida corporation dba Rick Case Honda.

### *ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT*

SEITZ, District Judge.

THIS CAUSE is before the Court upon the Defendant's Motion to Dismiss Plaintiff's Complaint. [D.E. 10]. Upon review of the Motion and Response,[1] the Defendant's Motion is denied. On May 23, 2002, Plaintiff, Nadiezhda M. Martinez ("Martinez"), received a written document—a "Retail Buyers Order"—backdated to April 23, 2002 from Defendant Rick Case Cars, Inc. d/b/a/ Rick Case Honda ("Rick Case") to purchase a used automobile. *Compl.* ¶ 5. Pursuant to the Buyer's Order, Martinez bought a 2000 Honda Accord automobile. Martinez alleges that Rick Case increased the actual sales price for the automobile by $7,200.00 to account for "negative equity" for a trade-in-vehicle.

---

1. Defendant did not file a Reply.

Martinez sued Rick Case for violations of (1) the Truth in Lending Act ("TILA") for failing to accurately and properly disclose several key purchase-related financial terms; (2) the Florida Motor Vehicle Retail Sales Finance Act ("FMVR") for failure to properly complete a retail installment contract ("contract") in connection with the sale; and (3) the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA") for failing to provide a "Buyer's Guide" in Spanish to Martinez or affixing a Spanish-language window sticker to the car.

Defendant argues that (1) the TILA claim should be dismissed because exhibits attached to Plaintiff's Complaint show that Defendant disclosed the necessary key financial terms at some time; (2) the FMVR claim should be dismissed because Rick Case delivered to Martinez an exact copy of the contract the buyer signed, and (3) the FDUPTA claim should be dismissed because Martinez failed to allege that she was aggrieved by the alleged deceptive or unfair practice or that Rick Case's failure to provide a Spanish-language Buyer's Guide was likely to mislead customers.

■ First, Martinez alleges that key terms of the transaction were not disclosed *before the transaction* in violation of TILA. 15 U.S.C. § 1638(b)(1) (requiring disclosure of terms "before the credit is extended"); 12 C.F.R. § 226.17(b) ("[t]he creditor shall make disclosures before consummation of the transaction."). In other words, Martinez alleges that Rick Case did not reveal the key financial terms before Martinez signed the contract and that Rick Case failed or refused to deliver a copy of the contract before credit was extended. Thus, whether the terms were disclosed or delivered to Martinez after the fact is irrelevant.

■ Second, Martinez's Florida Motor Vehicle Retail Sales Finance Act claim survives, even if Rick Case delivered an exact copy of the contract Martinez signed. Florida Statutes § 520.07(1)(a) provides that: "[a] retail installment contract shall be in writing, shall be signed by both the buyer and the seller, and shall be completed as to all essential provisions prior to the signing of the contract by the buyer." Martinez alleges that Rick Case did not sign the contract and that essential provisions of the contract were left blank at the time the contract was signed.

■ Third, Martinez has alleged sufficient facts to maintain her FDUPTA claim. Martinez alleges that she did not receive a Buyer's Guide written in Spanish or that a Spanish-language window sticker was affixed to the used car. This alleged failure to provide Spanish-language material in either the Buyer's Guide or window sticker, when the sale was made in Spanish, is a violation of federal law and thus of FDUPTA. 16 C.F.R. § 455.5 ("if you conduct a sale in Spanish, the window form required . . . must be in that language"); Fla. Stat. Ann. § 501.204(2) ("due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the [FTC] Act."). Moreover, Martinez has standing to bring a FDUPTA suit for the alleged failure to provide a Spanish-language Buyer's Guide. "[T]he clear intent of [FDUPTA] as expressed by its plain language is to provide both equitable and legal remedies to private consumers who are aggrieved parties and/or sustained actual losses because of a violations(s) under FDUPTA." *Macias v. HBC of Fla., Inc.,* 694 So.2d 88, 90 (Fla. 3d DCA 1997) (holding that radio station's premature termination of contest prohibiting plaintiff from entering contest was too speculative a loss to state claim under FDUPTA). Here, viewing the allegations in the light most favorable to Martinez, it can be easily inferred that the alleged failure to provide

the Spanish-language Buyer's guide contributed to Martinez not receiving the necessary terms of the contract and subsequent financial loss. *See, e.g.,* 16 C.F.R. § 455.5 (requiring disclosure of "Service Contract Disclosure" in Spanish in Buyer's Guide). Thus, Martinez has alleged that she was an aggrieved private consumer. Therefore, it is hereby

ORDERED that Defendant's Motion to Dismiss is DENIED. The Court notes that the parties have agreed to an early mediation of this matter on September 23, 2003. The Court hopes that the parties can promptly, amicably, and fairly resolve this matter without expending additional resources on litigation.