ORFINGER, C.J.
Wyndham Vacation Resorts, Inc. (“Wyndham”) appeals the partial final summary judgment entered in favor of Timeshares Direct, Inc. d/b/a/ Timeshares by Owners and Michael Starr (collectively, “Timeshares Direct”), after the court denied its claim for injunctive relief under the Florida Deceptive and Unfair Trade Practices Act (“FDUTPA”).[1] For the following reasons, we reverse the partial final summary judgment on Wyndham’s claim for injunctive relief under FDUTPA.
Timeshares Direct provides an advertising service that assists timeshare owners in the resale and rentals of their timeshare *1150 interests. Wyndham is a multinational developer of vacation resorts and seller of new timeshares to consumers. In the course of its business, Wyndham acquires and maintains information relating to the owners of its timeshare intervals. This information includes home and cellular telephone numbers, addresses and other private contact information, credit card numbers, and the status of the member’s ownership account (collectively, “Owner Information”). Wyndham safeguards the Owner Information and maintains it as confidential and proprietary. Wyndham considers the Owner Information to be a valuable asset because its existing owners are its most profitable source of future sales. Access to the Owner Information in Wyndham’s database is restricted, and all employees who are given access to this information are required to sign confidentiality agreements. Any misappropriation of the Owner Information is punishable by termination.
Jose Fuentes worked at Wyndham and had access to the Owner Information. Fuentes admitted that for nearly two years, he regularly stole the Owner Information from Wyndham’s database and sold it to Shari Mathews, a leads broker, who sold leads to Timeshares Direct. Timeshares Direct used the Owner Information to solicit Wyndham’s owners to use its services to sell or lease their timeshare interests. In doing so, Timeshares Direct led the Wyndham owners to believe that it was affiliated with Wyndham.[2] After Wyndham’s Consumer Affairs Office received numerous customer complaints relating to Timeshares Direct’s unsolicited contacts, Wyndham conducted an investigation leading to the instant dispute.[3]
Wyndham filed a five-count complaint against Timeshares Direct, asserting that Timeshares Direct damaged its business relationships and reputation and sought to prevent continuing irreparable harm from the misappropriation of the Owner Information and the misrepresentation of its status as an affiliate of Wyndham. Wynd-ham sought injunctive relief and damages for misappropriation of trade secrets under chapter 688, Florida’s Uniform Trade Secrets Act (“FUTSA”) (Count I); damages under section 721.121, Florida Statutes, for failure to maintain lead records and wrongful acquisition and use of personal contact information of Wyndham Owners (Count II); damages under FDUTPA (Count III); injunctive relief under FDUTPA (Count IV); and damages based on negligent supervision (Count V). Relevant to this appeal, in Count IV of its complaint, Wyndham requested an injunction that (a) prevents Timeshares Direct from “exploiting, disclosing to third parties, or otherwise utilizing ... any confidential information belonging to Wynd-ham,” (b) prevents Timeshares Direct from “contacting members of Wyndham utilizing any confidential proprietary information that is the property of Wyndham,” and (c) affirmatively requires Timeshares Direct to return all confidential information belonging to Wyndham.
Timeshares Direct filed a motion for summary judgment, arguing, inter alia, that it was entitled to summary judgment on Wyndham’s FDUTPA claims because only “actual damages” are available under *1151 the Act, not injunctive relief, if no actual damages are sustained. In response, Wyndham asserted that “FDUTPA provides relief for a company to claim that deceptive and unfair trade practices caused injury to the business.” Following a hearing, the court entered partial summary judgment in favor of Timeshares Direct on all counts of Wyndham’s complaint except its FUTSA claim (Count I). Of relevance to this appeal, the trial court granted Timeshares Direct’s motion for summary judgment on “all of Wyndham’s claims against it based upon any alleged violation of [FDUTPA],” including Wynd-ham’s claim for injunctive relief (Count IV). The trial court found that Wyndham lacked actual damages and that the absence of such damages precluded injunc-tive relief under FDUTPA. This appeal followed.[4]
"Whether summary judgment was properly granted is a question of law, which we review de novo. See The Fla. Bar v. Greene, 926 So.2d 1195, 1200 (Fla.2006). In doing so, we consider whether any genuine issues of material fact exist and whether the trial court erred in its application of the law. See Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000).
The trial court ruled, as a matter of law, that because Wyndham could not prove actual damages on its FDUTPA claims, injunctive relief under FDUTPA was precluded. Wyndham challenges that ruling, arguing that the existence of actual damages has no bearing on the availability of injunctive relief available under section 501.211 to enjoin conduct that constitutes a deceptive or unfair trade practice. Wynd-ham asserts that Timeshares Direct’s use of the stolen Owner Information and its misrepresentations about a relationship between itself and Wyndham constitute deceptive or unfair trade practices subject to injunctive relief.
FDUTPA broadly prohibits any unfair or deceptive acts or practices committed in the conduct of any trade or commerce. § 501.204(1), Fla. Stat. (2010); see Collins v. DaimlerChrysler Corp., 894 So.2d 988, 989 (Fla. 5th DCA 2004). The purpose of FDUTPA is “[t]o protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.” § 501.202(2), Fla. Stat. (2010); see KC Leisure, Inc. v. Haber, 972 So.2d 1069, 1072 (Fla. 5th DCA 2008). Thus, FDUTPA’s clear intent is to provide both equitable and legal remedies to aggrieved parties or persons, including businesses, who have *1152 sustained actual losses because of a violation of its provisions. See §§ 501.202(2), 501.204(1), Fla. Stat. (2010); Martinez v. Rick Case Cars, Inc., 278 F.Supp.2d 1371, 1378 (S.D.Fla.2003) (applying Florida law); Macias v. HBC of Fla., Inc., 694 So.2d 88, 90 (Fla. 3d DCA 1997).
Section 501.211(1), Florida Statutes, permits a claim for injunctive relief by “anyone aggrieved” by an unfair or deceptive act, which has occurred, is now occurring, or is likely to occur in the future. See, e.g., Haun v. Don Mealy Imports, Inc., 285 F.Supp.2d 1297 (M.D.Fla.2003); Klinger v. Weekly World News, Inc., 747 F.Supp. 1477, 1480 (S.D.Fla.1990); Macias, 694 So.2d at 90. Accordingly, regardless of whether an aggrieved party can recover “actual damages” under section 501.211(2), it may obtain injunctive relief under section 501.211(1). See Del Monte Fresh Produce Co. v. Dole Food Co., Inc., 136 F.Supp.2d 1271, 1292-93 (S.D.Fla.2001) (finding, under prior version, that while Del Monte could not recover monetary damages under FDUTPA, it could obtain declaratory and/or injunctive relief); Big Tomato v. Tasty Concepts, Inc., 972 F.Supp. 662, 664 (S.D.Fla.1997). Thus, the issue is whether a question of material fact exists about Wyndham’s status as an “aggrieved” party under FDUT-PA.
The trial court found there was a disputed issue of material fact whether the Owner Information qualifies as a trade secret and whether Timeshares Direct misappropriated the Owner Information. If the Owner Information is a trade secret or proprietary information, Wyndham clearly has a legal right to prevent its unauthorized disclosure or use. See Sensormatic Elec. Corp. v. TAG Co. US, LLC, 632 F.Supp.2d 1147, 1193 (S.D.Fla.2008) (finding that injunctive relief is appropriate remedy for FDUTPA violation, and that manufacturer had shown that it was injured by competitor’s unfair practices and faced irreparable harm if competitor was not enjoined from engaging in these practices in future). It also has a right to prevent any deceptive misrepresentations that Timeshares Direct is affiliated with Wyndham. Such conduct could create consumer confusion and damage Wynd-ham’s goodwill, which is actionable under FDUTPA. See, e.g., Pepsico, Inc. v. Distribuidora La Matagalpa, Inc., 510 F.Supp.2d 1110, 1116 (S.D.Fla.2007) (recognizing that consumer confusion created by trademark infringement created irreparable damage to PepsiCo’s goodwill). Accordingly, we conclude that the argument that Wyndham cannot satisfy the injury requirement of FDUTPA is unavailing. See, e.g., Big Tomato, 972 F.Supp. at 664 (recognizing that “anyone aggrieved” includes competitors who seek injunction against continued trademark infringement under section 501.211(1)); Klinger, 747 F.Supp. at 1480 (reiterating that under section 510.211(1), “anyone aggrieved” includes broader class of complainants than merely consumers; scope of injunctive remedy is greater than actual damage remedy under section 510.211(2)); Am. Pest Corps., Inc. v. Barco Chem. Div., Inc., 317 So.2d 789, 790 (Fla. 4th DCA 1975) (finding that competitor’s actions that caused likelihood of confusion by public about source, sponsorship, approval and affiliation was actionable under FDUTPA).
The trial court’s partial summary judgment against Wyndham on Count IV of its claim for injunctive relief under FDUTPA is reversed and this matter is remanded for further proceedings.
REVERSED and REMANDED.
SAWAYA and TORPY, JJ, concur.

. §§ 501.201-.213, Fla. Stat. (2010).

. Two years before this lawsuit was filed, Timeshares Direct, in an unrelated case, was enjoined from (1) stating or implying that it was affiliated with Wyndham and (2) using Wyndham's trade secrets or business information; and was ordered to include a copy of the consent final judgment in its employee handbook to create a conclusive presumption that all Timeshares Direct’s employees had actual knowledge of the actions prohibited by the consent final judgment.

. We glean these facts, many of which were disputed, from the record, and express no opinion on the merits of the dispute.

. We have jurisdiction to review the non-final order denying injunctive relief pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B). Rule 9.130(a)(3)(B) allows district courts of appeal to review non-final orders that "grant, continue, modify, deny, or dissolve injunctions, or refuse to modify or dissolve injunctions.” However, to the extent that Wyndham attempts to have this Court review the trial court's ruling on Count III, we must decline to do so. This Court may only review non-final orders that are specifically enumerated in rule 9.130, or which may be reviewable by an extraordinary writ pursuant to rule 9.100. Thus, we do not have jurisdiction to review by non-final appeal, that part of the summary final judgment that dismissed Wyndham’s claim for FDUTPA damages. See Suggs v. Sw. Fla. Water Mgmt. Dist., 953 So.2d 699, 700 (Fla. 5th DCA 2007); Faulk v. Air Prods. & Chems., Inc., 798 So.2d 820 (Fla. 1st DCA 2001); Supal v. Pelot, 469 So.2d 949 (Fla. 5th DCA 1985). The procedural limitations imposed by the rules do not permit review of “tag along” orders contained within reviewable non-final orders. See Chester v. Hendler, 428 So.2d 730, 732 (Fla. 4th DCA 1983) ("Nor does the fact that the dissolution of the temporary injunction is contained in the same order make the remainder of the questions contained therein reviewable under that rule”).