ROWE, J.,
Concurring in result in part
and dissenting in part.
I concur with the majority’s conclusions that the trial court properly granted summary judgment because Ahearn’s individual and class action claims for breach of contract, for breach of the implied covenant of good faith and fair dealing, for money damages pursuant to FDUTPA, and for declaratory and injunctive relief pursuant to chapter 86 were moot. However, contrary to the majoritys holding, I would also conclude that Ahearn’s individual and class actions claims for declaratory and injunctive relief pursuant to FDUTPA' *175 were barred because Ahearn cannot establish that he is an aggrieved party pursuant to section 501.211(1), Florida Statutes.
FDUTPA- authorizes private causes of action for both injunctive and declaratory' relief and for actual damages. Section 501.211 provides:
(1) Without regard to any other remedy or'relief to which a person is entitled, anyone aggrieved by a violation of this part may bring an action to obtain a declaratory judgment that' an act or practice violates this part and to enjoin a person who has violated, is violating, or is otherwise likely to violate this part.
(2) In any action brought by a person who has suffered a loss as a result of a. violation of this part, such person may recover actual damages, plus attorney’s fees and court costs as provided in s. 501.2105. However, damages, fees, or costs are not recoverable under this section against a retailer who has, in good faith, engaged in the dissemination of claims of a manufacturer or wholesaler without actual knowledge that it violated this part.
§ 501.211, Fla. Stat. (2013) (emphasis added).
By the express terms of the statute, plaintiffs seeking actual damages under FDUTPA must allege they have “suffered a loss,” while plaintiffs seeking injunctive and declaratory relief under the act need only demonstrate that- they are “aggrieved.” In comparing the terms “suffered a loss” and “aggrieved,” as those terms are used in FDUTPA, the majority concludes that a plaintiff seeking injunc-tive/declaratory relief need not demonstrate that they have been adversely affected or harmed. Citing Black’s Law Dictionary, the majority concludes ■ that the first definition of the term “aggrieved,” which includes persons whose rights are adversely affected or who have been harmed, is synonymous with the term “suffered a loss” as that. term is used in FDUTPA’s damages provision. Thus, the majority posits that an “aggrieved” party seeking injunctive/declaratory relief under FDUTPA must be someone other than a party who has been harmed or whose rights have been adversely affected. Turning to the second definition offered by Black’s, the majority concludes that the-term “aggrieved,” as it is used in FDUT-PA’s injunctive/declaratory provision, must refer to a party who is “angry or sad on grounds of perceived unfair treatment.” Notwithstanding the differing terminology used by the Legislature, in the two provisions, I cannot agree with the majority’s construction of the term “aggrieved” as it is used in FDUTPA. This construction is at odds with the plain language of the statute and the case law interpreting both the damages and injunctive/declaratory provisions of FDUTPA.
The plain language of FDUTPA limits relief under the damages provision to those plaintiffs, that can establish actual' damages. The relief provided under the injunctive/declaratory provision of the statute is far broader and is available to any plaintiff “aggrieved” by a violation .of FDUTPA. See Wyndham Vacation Resorts, Inc. v. Timeshares Direct, Inc.,. 123 So.3d 1149, 1152 (Fla. 5th DCA 2012) (“[Rjegardless of whether an aggrieved party can recover ‘actual damages’ under section 501.211(2), it may obtain injunctive relief under section 501.211(1).”); Smith v. Wm. Wrigley Jr. Co., 663 F.Supp.2d 1336, 1339 (S.D.Fla.2009) (concluding that FDUTPA makes “declaratory and injunc-tive relief available to a broader class of plaintiffs than could recover damages.’’) (citations omitted).- Accordingly, it follows that a plaintiff who suffers a loss, and sustains actual damages as a result of a violation of FDUTPA may seek relief un *176 der both the damages provision and under the injunctive/declaratory provision.
The majority’s conclusion that “suffered a loss,” as that term is used under the damages provision, is synonymous with being adversely affected or harmed ignores the fact that many adversely affected parties may not seek damages under FDUT-PA because they are unable to allege and prove actual damages. For example, plaintiffs suing under the damages provision of FDUTPA may not recover consequential damages. Kia Motors Am. Corp. v. Butler, 985 So.2d 1133, 1140 (Fla. 3d DCA 2008) (holding that actual damages under FDUTPA do not include consequential damages, such as repair or resale damages); accord Ft. Lauderdale Lincoln Mercury, Inc. v. Corgnati, 715 So.2d 311, 314 (Fla. 4th DCA 1998) (holding that consumers are not entitled to recovery of consequential damages); Urling v. Helms Exterminators, Inc., 468 So.2d 451, 454 (Fla. 1st DCA 1985) (holding that FDUT-PA “entitles a consumer to recover damages attributable to the diminished value of the goods or services received, but does not authorize recovery of consequential damages to other property attributable to the consumer’s use of such goods or ’services.”). Neither may a FDUTPA plaintiff recover diminution in value damages or stigma damages under section 501.211(2). See Rollins, Inc. v. Butland, 951 So.2d 860, 869-70 (Fla. 2d DCA 2006) (holding that actual damages under FDUTPA do not include consequential damages, diminution in value damages, or stigma damages). Also barred from recovery under the damages provision of FDUTPA are plaintiffs seeking nominal damages. City First Mortg. Corp. v. Barton, 988 So.2d 82, 86 (Fla. 4th DCA 2008) (holding that the damages provision of FDUTPA does not provide for the recovery of nominal damages, speculative losses, or compensation for subjective feelings of disappointment). In each of these instances, the plaintiffs have been adversely affected and/or have suffered losses and yet are barred from recovery under the damages provision set forth in section 501.211(2).
However, despite their inability to recover their losses under the damages provision of FDUTPA, parties suffering losses in the form of consequential damages, nominal damages, diminution in value damages, and other non-recoverable damages remain “aggrieved” within the meaning of FDUTPA and are not barred from seeking injunctive. or declaratory relief pursuant to section 501.211(1). See Wyndham, 123 So.3d at 1152 (holding that in-junctive relief was available to an aggrieved party even though the aggrieved party had not suffered actual damages); Klinger v. Weekly World News, Inc., 747 F.Supp. 1477, 1480 (S.D.Fla.1990) (holding that a professional writer who alleged a lost business opportunity as a result of newspaper’s alleged deceptive acts stated “an injury sufficient” to permit the pursuit of injunctive relief under FDUTPA). Contrary to the argument presented,by the majority, I do not believe that the Legislature’s use of the term “aggrieved” was intended to relieve plaintiffs seeking in-junctive or ' declaratory relief under FDUTPA from demonstrating that they were adversely affected or harmed; rather, the use of the term was intended to expand the class of plaintiffs authorized to bring suit under FDUTPA beyond those suffering actual damages.
Notwithstanding the breadth of the remedies available under FDUTPA, a plaintiff seeking relief must demonstrate that they are in “a position to complain” and that a “violation has occurred, is now occurring, or is likely to occur in the future.” Davis v. Powertel, Inc., 776 So.2d 971, 975 (Fla. 1st DCA 2000). Here, Ahearn cannot al *177 lege that he is in a position to complain because of the mootness of his claim.
In Florida, every plaintiff must demonstrate that their “case involve[s] a real controversy as to the issues presented.” Dep’t of Revenue v. Kuhnlein, 646 So.2d 717, 721 (Fla.1994); Apthorp v. Detzner, 162 So.3d 236, 240 (Fla. 1st DCA 2015) (holding that a plaintiff must “allege a present controversy based on articulated facts which demonstrate a real threat of immediate injury” to invoke the jurisdiction of the court). A case presents no actual controversy when the issues have ceased to exist and should be dismissed as moot. Godwin v. State, 593 So.2d 211, 212 (Fla.1992). Montgomery v. Dep’t of Health & Rehab. Servs., 468 So.2d 1014, 1016 (Fla. 1st DCA 1985) (“Mootness has been defined as ‘the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).’ ”) (citing Henry P. Monaghan, Constitutional Adjudication: The Who and When, 82 Yale L.J. 1363, 1384 (1973)). Here, Aheam’s standing to bring suit ceased when Mayo Clinic waived the remainder of Ahearn’s medical bill and agreed to pay his attorney’s fees and costs. Following the cancellation of his debt and payment of his fees and costs, Ahearn’s claim became moot and he was no longer in a position to complain. Thus, Ahearn is not an aggrieved party within the meaning of section 501.211(1), and he may not pursue injunctive or declaratory relief under FDUTPA. For these reasons, I would affirm the final order of summary judgment in all respects.