# Third District Court of Appeal

## State of Florida

Opinion filed July 9, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0346
Lower Tribunal No. 23-4678
_____

**Maribel Capote, et al.,**
Appellants,

vs.

**SCI Funeral Services of Florida, LLC,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Kozyak Tropin & Throckmorton LLP, and Jorge L. Piedra, Robert J. Neary, and Rasheed K. Nader, for appellants.

Gray│Robinson, P.A., and Ted C. Craig, for appellee.

Before LOGUE, LINDSEY and LOBREE, JJ.

LOGUE, J.

Plaintiffs below, Maribel Capote, Caridad Salmeron, and Pedro

Valdivieso (collectively, "Plaintiffs"), appeal a final judgment entered in favor of defendant below, SCI Funeral Services of Florida, LLC ("SCI Florida"), granting SCI Florida's motion for summary judgment and motion to dismiss the amended class action complaint. The case was dismissed with leave to amend, which the Plaintiffs declined to do. For the reasons set forth below, we affirm.

## BACKGROUND

The Plaintiffs filed a class action complaint against SCI Florida. They alleged they entered into preneed contracts with funeral homes owned by SCI Florida for burial rights, funeral merchandise, and funeral services.[1] The preneed contracts contain a clause providing that nothing shall "limit the right of the Purchaser, after making payment in full of the Interment Rights being purchased herein, from transferring said Interment Rights to third parties, subject to the transfer of title on the records of the Seller."

Plaintiffs alleged that, in contravention of this language, while SCI Florida recognized a purchaser's right to assign burial rights, it refused to

---

[1] "Burial right" includes the right to use a grave space, mausoleum, etc. See § 497.005(8), Fla. Stat. "Burial service" is defined as "any service offered or provided in connection with the final disposition, memorialization, interment, entombment, or inurnment of human remains or cremated remains. . . ." § 497.005(9), Fla. Stat. Further, "burial merchandise" includes items such as a casket, urn, monument, prayer cards, etc. See § 497.005(7), Fla. Stat.

recognize a purchaser's right to assign burial services or burial merchandise. This limitation on assignments, Plaintiffs alleged, violated the terms of the preneed contracts and the Florida Funeral, Cemetery, and Consumer Services Act ("Funeral Act"), section 497.001 *et seq.*, Florida Statutes. Section 497.459(6)(c), Florida Statutes, provides that "[p]ersons who purchase merchandise or burial rights pursuant to this chapter shall have the right to sell, alienate, or otherwise transfer the merchandise or burial rights subject to and in accordance with rules adopted by the licensing authority."

Plaintiffs asserted counts for (I) breach of contract, alleging that the Plaintiffs have incurred damages by the "devaluation of the value of the preneed contracts themselves"; (II) unjust enrichment, requesting an award against SCI Florida "in the amount by which it has been unjustly enriched at Plaintiffs' and Class Members' expenses"; (III) violation of section 497.152(9) of the Funeral Act, asserting that they have suffered monetary damages because SCI Florida's practice of requiring the Plaintiffs to accept delivery of the merchandise prior to time of need has devalued the preneed contracts; (IV) declaratory relief under section 86.021, Florida Statutes, seeking a declaration as to their rights under the preneed contracts, seeking an award of attorneys' fees and costs; and (V) declaratory relief under section 86.021, seeking a declaration as to their rights under the Funeral Act and an award

3

of attorneys' fees and costs.

Plaintiffs identified the class as "[a]ll Florida citizens who purchased a preneed contract from a cemetery or funeral home owned and operated by [SCI Florida] in the State of Florida <u>and who are now prohibited from transferring or assigning the entire preneed contract to a third party</u>." (emphasis added). They sought certification under both (b)(2) and (b)(3) of Rule 1.220 of the Florida Rules of Civil Procedure.

In response to the operative complaint, SCI Florida filed a motion for summary judgment and a motion to dismiss. Both motions asserted the operative complaint's class action claims were moot and the class representatives could not represent the proposed class because SCI Florida had revised its policy and recognized that purchasers could transfer burial rights, burial services, and burial merchandise. It supported its motion for summary judgment by the declaration of the same SCI Florida officer who the Plaintiffs had referenced in the attachments to the operative complaint to maintain SCI Florida was not recognizing such transfers. Attached to the declaration were memorandums to SCI Florida affiliates and letters to the named plaintiffs informing them of the new policy. The trial court stayed discovery pending resolution of the motions.

Ultimately, the trial court entered an order granting SCI Florida's

4

motion for summary judgment and motion to dismiss. The trial court denied the Plaintiffs' request to lift the stay on discovery and delay the summary judgment motion. In response to the Plaintiffs' argument that they needed the discovery to test the new policy, the trial court noted that the Plaintiffs could simply request the transfers they were seeking and thereby confirm whether or not the new policy was in effect. When asked by the court why they did not do so, Plaintiffs admitted it was within their ability but maintained, "we weren't required to, we didn't have to, and it wouldn't have made a difference in this case."

In granting the motion, the trial court explained that "[b]efore class certification, Defendant ha[d] mooted the claim set forth in the most recent version of Plaintiffs' complaint." The trial court made clear that its ruling applied to the operative complaint and to the Plaintiffs' standing to represent the class, not their individual claims: "If you all choose to attempt to amend your complaint to define the class differently, people required to pay a transfer fee, people required to fill out a form, I mean, that's another case for another day." In response, the Plaintiffs stated, "And we can or may move to amend that definition based upon this new development that was just presented to the court."

The trial court granted the Plaintiffs leave to file a second amended

5

complaint "that asserts claims that are not based on an alleged ongoing inability to transfer or assign Plaintiffs' preneed cemetery contracts with SCI Florida." The trial court also reserved ruling on the issue of attorney's fees. This Court relinquished jurisdiction to allow the Plaintiffs to "obtain a non-conditional final, appealable order." Thereafter, the trial court entered a final judgment against the Plaintiffs and in favor of SCI Florida.

## STANDARDS OF REVIEW

A trial court's ruling on a motion for summary judgment is reviewed de novo. See Reeves v. Gross, 403 So. 3d 362, 365 (Fla. 3d DCA 2025). A trial court's order granting a motion to dismiss a complaint with prejudice based on trial court's determination that causes of action are moot is reviewed de novo. See Real Est. Sols. Home Sellers, LLC v. Viera E. Golf Course Dist. Ass'n, 288 So. 3d 1228, 1230 n.2 (Fla. 5th DCA 2020) (reviewing de novo trial court's order dismissing declaratory judgment action based on trial court's determination that action was moot; holding that trial court's order dismissing complaint with prejudice is reviewed de novo); see also Coventry First, LLC v. State Off. of Ins. Regul., 30 So. 3d 552, 560 (Fla. 1st DCA 2010) ("We examine the mootness determination de novo.").

## ANALYSIS

Class actions provide litigants and courts a fair and efficient way to

6

resolve disputes involving the rights of large classes of parties which if litigated individually might otherwise lead to conflicting results, get lost due to the small size of individual claims, or unduly clutter court dockets. Class actions, however, have the distinction of being the only procedural vehicle where a judgment is entered adjudicating the claims or defenses of parties who never appeared in the case – namely the absent class members. The absent class members will be personally bound by a judgment resulting from a lawsuit they did not file, often did not consent to, filed by a class representative they did not appoint, and litigated by lawyers they did not hire or direct. The rights of the absent class members live or die based on the class representative's facts and the class counsel's legal presentation. For this reason, a judge must always be mindful of the due process rights of absent class members.

To protect the due process rights of absent class members, a judge deciding whether to certify a class or dismiss a complaint filed as a class action must ensure that the interests of the proposed class representatives aligned with the interests of the absent class members: "The premise of a class action is that litigation by representative parties adjudicates the rights of all class members, so basic due process requires that named plaintiffs possess undivided loyalties to absent class members." Broussard v.

Meineke Disc. Muffler Shops, Inc., 155 F.3d 331, 338 (4th Cir. 1998). The United States Supreme Court "has repeatedly held [that] a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." E. Texas Motor Freight Sys. Inc. v. Rodriguez, 431 U.S. 395, 403 (1977) (quoting Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208, 216 (1974)). "A class representative accomplishes this if he or she, by proving his or her own individual case, necessarily proves the cases of the other class members." Sosa v. Safeway Premium Fin. Co., 73 So. 3d 91, 112 (Fla. 2011).

For this reason, it is well-established that "[n]o class action may proceed unless there is a named plaintiff with standing to represent the class." Graham v. State Farm Fire & Cas. Co., 813 So. 2d 273, 273–74 (Fla. 5th DCA 2002) (affirming dismissal of class action where the claims of class representative were moot). "[I]f none of the named plaintiffs purporting to represent a class establishes a requisite of a case or controversy with the defendant, none may seek relief on behalf of himself or any other member of the class." Taran v. Blue Cross Blue Shield of Fla., Inc., 685 So. 2d 1004, 1006 (Fla. 3d DCA 1997) (quoting O'Shea v. Littleton, 414 U.S. 488, 494 (1974)). See, e.g., Ramon v. Aries Ins. Co., 769 So. 2d 1053, 1055 (Fla. 3d DCA 2000) (concluding the trial court properly entered summary judgment in

8

class action where class representative's claim became moot and therefore he could not represent class); <u>Allstate Indem. Co. v. Domato</u>, 730 So. 2d 343, 344 (Fla. 3d DCA 1999) ("We find that Domato is an improper class representative, as his claim against Allstate is atypical of the class he purports to represent.")

As pled in the operative complaint, the Plaintiffs defined the putative class as purchasers of preneed contracts "who are now prohibited from transferring or assigning the entire preneed contract to a third party." Because the class representatives can now transfer or assign their preneed contracts, they no longer qualify as representatives of the putative class as pled. In these circumstances, the trial court did not err in granting summary judgment and dismissing the operative complaint with leave to amend in the manner it did.

The Plaintiffs maintain that they potentially have a claim regarding the imposition of transfer fees. But the operative complaint makes no reference to transfer fees and the Plaintiffs declined to amend their complaint to allege a claim or define a class in that regard. They also maintain that SCI Florida did not tender the relief sought for damages resulting from the devaluation of the preneed contracts due to the inability to transfer or assign. But their allegations were framed in the context of a denial of the ability to transfer

9

and, again, although authorized to do so, the Plaintiffs declined to amend their complaint to address their claim in the context where the ability to transfer has been recognized. We also see no abuse of discretion in the trial court's denial of the motion for continuance to allow discovery on the issue of the enforceability of the new policy when the Plaintiffs conceded it was within their control to test the new policy by simply requesting the transfer that they insisted were being denied.

The Plaintiffs finally draw our attention to their request for attorney's fees. The Plaintiffs sought attorneys' fees under the prevailing party statute in the Funeral Act, section 497.169(2), Florida Statute, which provides in relevant part as follows:

> In any civil litigation resulting from a transaction involving a violation of this chapter by . . . a preneed entity or preneed sales agent licensed under part IV, the <u>court may award to the prevailing party</u> and against such . . . preneed entity or sales agent, <u>after judgment in the trial court and exhaustion of any appeal</u>, reasonable attorney's fees and costs from the nonprevailing party in an amount to be determined by the trial court.

(emphases added). Based on the language allowing an award of fees only after the exhaustion of any appeal, it was proper for the trial court to reserve jurisdiction to address attorneys' fees.

Affirmed.

LOBREE, J., concurs.

10

LINDSEY, J., concurs in result only.